**COMMONWEALTH of Kentucky, Appellant,**

v.

**David Earl CHANDLER, Appellee.**

Supreme Court of Kentucky.

Jan. 22, 1987.

David L. Armstrong, Atty. Gen., Mary-James Young, Asst. Atty. Gen., Frankfort, for appellant.

James R. Wood, Owensboro, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed a judg-

ment convicting Chandler of second-degree assault and sentencing him to five years in prison.

The principal issue is whether Chandler was entitled to instructions on criminal abuse.

The Court of Appeals determined that Chandler was entitled to an instruction not only on third-degree criminal abuse, KRS 508.120, but on first and second-degree criminal abuse as well.

Chandler was charged with stabbing his 7–year–old son in the eye. This resulted in the child's permanent blindness. On January 24, 1985, Chandler was beating his wife as the result of an argument. He took two karate knives from an adjoining room and while his wife was calling a neighbor for help he advanced on her with the knives. Chandler had beaten his wife on prior occasions and had also threatened to kill her. The 7–year–old son tried to intervene by placing himself in front of his father shielding his mother. Chandler stabbed at the child with one of the knives, striking him in the eye.

At trial, Chandler presented no evidence and no defense. His wife testified during the prosecution case that Chandler's stabbing of Jeremy was an accident. A neighbor who had arrived during the fight, answering the call of the wife, testified that Chandler was intentionally stabbing at the boy's eye in order to scare him away.

Evidence was presented that Chandler had threatened to kill his wife on other occasions, and that he had chased her with a knife and beaten her, and that she had hit him and chased him with a knife and a belt.

The jury was instructed on wanton first-degree assault, wanton second-degree assault, the presumption of innocence, definitions of wantonly, physical injury, serious physical injury, and dangerous instrument. Chandler's tendered instructions on either fourth-degree assault or third-degree criminal abuse were refused by the trial judge.

The jury convicted Chandler of second-degree assault and sentenced him to five years. The Court of Appeals reversed the conviction holding that instructions on all degrees of criminal abuse were required and that the trial judge erred in allowing the prosecution to present evidence of Chandler's previous assault and threats of violence against his wife. This appeal followed.

This Court reverses the decision of the Court of Appeals and reinstates the judgment of conviction.

Chandler was not entitled to instructions on any degree of criminal abuse because criminal abuse is not a lesser-included offense of assault. Instructions on third-degree criminal abuse and fourth degree assault were not required by the evidence.

■ The offense committed by Chandler of stabbing his son in the right eye with a karate sword which left the child permanently blinded, is covered by the assault statutes. It comes within the instructions for either first-degree assault or second-degree assault which the jury received and it fits the definition of wantonly and serious physical injury on which the jury was instructed. There was no evidence that the act was anything other than intentional or wanton. An instruction on third-degree criminal abuse as requested by Chandler at trial would have been inappropriate. Chandler presented no evidence of a reckless mental state required for third-degree criminal abuse.

Criminal abuse is defined in KRS 508.090 and proscribed in KRS 508.100, 110 and 120. Abuse is defined as the infliction of physical pain and injury. Criminal abuse involves a situation where a person inflicts serious physical injury on another person of whom he has actual custody. The three degrees of criminal abuse are divided into an intentional act, a wanton act, and a reckless act. There is no reference to the use of a weapon.

■ Criminal abuse occurs where the victim is in the custody of the assailant and is an alternative to the crime of assault. Depending on the facts, the prosecutor may seek an indictment for assault if the circumstances warrant it. Criminal abuse

is not a lesser-included offense of first or second degree assault. It covers situations where a person is in the custody of another and is injured by an abusive act of that person. Where the injury is the result of the use of a deadly weapon or a dangerous instrument, the proper charge is first or second-degree assault regardless of whether the victim is related to the assailant.

Criminal abuse covers a broader range of prohibited conduct against persons under the age of 12 and those who are physically and mentally helpless. It punishes both the abuser and anyone who has custody of a person and allows that person to be abused. The criminal abuse offenses are parallel to the assault charges. They cover specific kinds of prohibited conduct not expressly covered by the assault statutes. The mental state for criminal abuse corresponds to the mental state for assault.

The distinction between assault and criminal abuse is analogous to the distinction between rape and incest. *See Hamilton v. Commonwealth,* Ky. 659 S.W.2d 201 (1983).

The admission of evidence of prior incidents in which the defendant threatened his wife was harmless error. It was not sufficiently prejudical to have altered the outcome of the trial. RCr 9.24.

The decision of the Court of Appeals is reversed and the judgment of the circuit court is reinstated.

All concur.