**Affirmed and Opinion Filed March 13, 2014**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-12-01683-CV

**JOHN L. DOLE, III & CELIA E. DOLE, Appellants**
**V.**
**LSREF2 APEX 2, LLC, Appellee**

**On Appeal from the 86th District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 85667-86**

## OPINION

Before Justices FitzGerald, Lang, and Fillmore
Opinion by Justice FitzGerald

This is a restricted appeal attacking the validity of a default judgment against two nonresident defendants. In three issues, appellants John and Celia Dole argue (1) the trial court lacked personal jurisdiction due to invalid service of process, (2) the attempted service on the Secretary of State was fatally defective, and (3) even if service was proper as to John Dole, the judgment cannot stand because the trial court lacked jurisdiction over Celia Dole. Concluding appellants' arguments are without merit, we affirm the trial court's judgment.

## BACKGROUND

John and Celia Dole are residents of the state of California. On May 8, 2006, Celia, as Trustee of the Celia Dole Trust, and John, individually, executed a promissory note in the original principal amount of $1,225,000 (the "Note"). The Note was secured by a deed of trust to

property located in Kaufman, Texas, (the "Property") and was guaranteed by John and Celia individually up to $612,500 (the "Guaranty"). LSREF2 APEX 2, LLC ("LSR") is the current holder of the Note and Guaranty.[1]

After default on the loan, the Property was sold at a foreclosure sale for $634,000, leaving an alleged deficiency balance of $643,593.46. When the Doles failed to make payment under the Guaranty, LSR initiated the underlying lawsuit for breach of contract.

LSR's petition, filed on April 5, 2012, recites that the Doles can be served through the Secretary of State at their "home or home office" located at "5666 La Jolla Boulevard #1, La Jolla, California 92037." The Secretary of State was served through an authorized person and the returns were filed. On June 5, 2012, the Secretary of State issued a certificate showing that on June 4, 2012, process for Celia Dole was returned to the Secretary of State's office with the notation "Unclaimed." On June 7, 2012, the Secretary of State issued a certificate showing that on June 7, 2012, process for John Dole was returned to the Secretary of State's office with the notation "Unclaimed."

The Doles did not answer the lawsuit or otherwise appear. On June 14, 2012, LSR filed a motion for default judgment. On June 25, 2012, the trial court signed an order awarding judgment to LSR against John and Celia Dole jointly and severally for $612,500 damages and $13,258.27 in attorney's fees. The Doles timely filed this restricted appeal.

**ANALYSIS**

In their first issue, the Doles contend the default judgment is void because trial court lacked personal jurisdiction over them due to invalid service of process. LSR responds that the returns of service reflect compliance with the applicable rules.

---

[1] BMC Capital, L.P. was the original lender. The Note and Guaranty were ultimately assigned to LSR.

To prevail on a restricted appeal, the appellant "must establish that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record." *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); TEX. R. APP. P. 30. Only the fourth element is at issue in this case.

A restricted appeal is a direct attack on the judgment. *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 792 (Tex. App.—Houston [1st Dist.] 1999, no pet.). The default judgment can be sustained only if the record before the trial court affirmatively shows that the Doles were served in strict compliance with the Texas Rules of Civil Procedure. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam). If the record before the trial court does not affirmatively show, at the time that default judgment is requested, that the defendant has appeared, was properly served, or waived service in writing, the trial court lacks personal jurisdiction over the defendant. *Marrot Commc'ns, Inc.* v. *Town & Country P'ship*, 227 S.W.3d 372, 376 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). "In contrast to the usual rule that all presumptions will be made in support of a judgment, there are no presumptions of valid issuance, service, and return of citation when examining a default judgment." *Barker CATV Constr.*, 989 S.W.2d at 792. Failure to comply strictly with the rules of civil procedure constitutes reversible error on the face of the record. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985).

For a trial court to have jurisdiction over a nonresident defendant, the Secretary of State must forward copies of the citation and petition to the defendant as required by the long-arm statute. *Comm'n of Contracts of Gen. Exec. Comm. v. Arriba, Ltd.*, 882 S.W.2d 576, 585 (Tex.

App.—Houston [1st Dist.] 1994, no pet.). Under the long-arm statute, the Texas Secretary of State is an agent for service of process on a nonresident defendant who engages in business in this state but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding arising out of business done in Texas and to which the nonresident defendant is a party. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.044(b) (West 2008). Once the Secretary of State is served with duplicate copies of process for a nonresident defendant that reflect the nonresident's name and home or home office address, he must immediately mail to the provided address a copy of the process by registered or certified mail with return receipt requested. *See id*. § 17.045(a),(d). Absent fraud or mistake, the Secretary of State's certificate of service is conclusive evidence that it received and forwarded service as required by statute. *Capitol Brick, Inc. v. Fleming Mfg. Co*., 722 S.W.2d 399, 401 (Tex. 1986).

### A. Was Service Fatally Defective?

The Doles complain that service was defective because there was an error in the date listed for delivery of Celia's citation to the Secretary of State and because the returns of service do not comply with TEX. R. CIV. P. 107. We begin with the date listed on Celia's citation.

The return of service reflects that the process server received the petition, citation, and service fee on "4/19/2012 at 9:30 o'clock a.m." The return further indicates that it was executed on "**3/27/2012** at 1:32 a.m." (emphasis added). It is axiomatic that service could not possibly have been achieved before the petition and citation were received, and the Doles contend this anomaly rendered service fatally defective.

Rule 107, provides, in pertinent part, "[t]he return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person." TEX. R. CIV. P. 107.

In our examination of the return, we are guided by the principle that a return of service should be given a fair, reasonable, and natural construction to give effect to its plain intent and meaning. *Conseco Fin. Servicing Corp. v. Klein Indep. Sch. Dist.*, 78 S.W.3d 666, 673 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Rather than view the apparent typographical error in a vacuum, courts faced with similar typographical errors have focused on whether the date of service is discernible from the record. For example, in *Pratt v. Moore*, 746 S.W.2d 486, 488 (Tex. App.—Dallas 1988, no writ), the citation was issued on October 19, 1986. The return showed it was served on November 11, 1986 and filed with the court on November 14, 1986. This Court concluded that the return was not fatally defective even though the officer's endorsement showed that he received the citation on November 30 rather than October 30. *Id.*

Similarly, in *Goodman v. Oakley*, No. 14-01-01004-CV, 2003 WL 297517 at *1, (Tex. App.—Houston [14th Dist.] 2003, no pet.) (mem. op.), the court found that a typographical error did not run afoul of the strictures of rule 107. *See id.* In *Goodman*, the deputy made a clerical error on the return of service, dating the receipt of the citation over eleven months later than the date of service. The court concluded that this error did not render process fatally defective because the date of service was discernible when the citation was viewed as a whole and the record otherwise showed compliance with the rules. *Id.*

In support of their argument, the Doles rely on *TAC Americas, Inc. v. Boothe*, 94 S.W.3d 315, 321 (Tex. App.—Austin 2002, no pet.). This reliance is misplaced. In *Boothe*, the Austin court found a return fatally defective because the return stated that the citation was received at "12:23" and served at "12:15." *Id* at 319. Unlike the case at bar, however, there is no indication that the court also considered a separate verification, or more significantly, a certificate from the Secretary of State.

Standing alone, the chronological references in the return at issue here are nonsensical and incapable of reconciliation. Nonetheless, the other service documents demonstrate the date of service. The verification of the return appears on the same page as the complained-of reference, and is dated April 19, 2012. This tends to demonstrate that service was accomplished on April 19, 2012. More important, the Secretary of State certificate shows that the Secretary received the citation on April 19, 2012. This certificate conclusively establishes that the Secretary received and forwarded service. *See Capitol Bank*, 722 S.W.2d at 401. Therefore, viewing all of these things together, the date of service — April 19 — is discernible from the record and the date reference that appears to be a typographical error does not render the return fatally defective.

The Doles also argue that the returns are defective as to both of them because they fail to disclose the case name, the cause number, and the court in which the case was filed. We disagree.

Rule 107(b) provides, in pertinent part: "[t]he return, together with any document to which it is attached, must include . . . (1) the cause number and case name [and] (2) the court in which the case is filed . . . ." *See* Tex. R. Civ. P. 107(b). Therefore, we consider both the return and any attached document to determine compliance.

Both returns state the cause number. And the consecutive order of the documents in our electronic record suggests that, as is common practice, the citations were attached to the return. The citations state the case name and the court in which the case was pending. Therefore, the record demonstrates compliance with Rule 107(b).

Finally, the Doles contend that the verifications on the returns were improper because they did not recite the process server's date of birth or state the country in which the verification occurred. This argument is premised on a misreading of Rule 107(e).

Rule 107(e) provides two alternatives for swearing to the return: verification or signature under penalty of perjury. *See* TEX. R. CIV. P. 107(e). Specifically, the rule provides:

> The officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return must **either** be verified **or** signed under penalty of perjury.

*Id.* (emphasis added). The rule further provides that "[a] return signed under penalty of perjury" must include a statement that includes the first and last name, date of birth, address, zip code, and country of the person signing. *Id.* There are no such requirements if the return is sworn to by verification. *See id.*

Here, both returns were verified, so there was no requirement that the process server state his country or date of birth. The inclusion of the verification complied with the requirements of TEX. R. CIV. P. 107(e). We therefore conclude that service was not fatally defective. Appellants' first issue is overruled.

## B. Was Service on the Secretary of State Defective?

In their second issue, the Doles contend service on the Secretary of State was defective because the Secretary of State was not the proper agent for service and the Secretary's certification reflects improper service. We reject both assertions.

In a default judgment case in which jurisdiction is based on substituted service of process, jurisdiction must affirmatively appear on the face of the record. *McKanna v. Edgar*, 388 S.W.2d 927, 929-30 (Tex. 1965). This requires that (1) the pleadings must allege facts which, if true, would make the defendant amenable to process by the use of the long-arm statute, and (2) there must be proof in the record that the defendant was, in fact, served in the manner required by the statute. *See Bannigan v. Market Street Dev., Ltd.*, 766 S.W.2d 591, 592 (Tex. App.—Dallas 1989, no writ).

Section 17.044 of the civil practice and remedies code governs the substituted service on the secretary of state in this case. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.044 (West 2008). Subsection (a)(1) of the statute provides for service via the secretary of state if a nonresident "is required by statute to designate or maintain a resident agent or engages in business in this state, but has not designated or maintained a resident agent for service of process." *Id*. § 17.044(a)(1). Alternatively, subsection (b) of section 17.044 provides for service via the secretary of state if a nonresident "engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process." TEX. CIV. PRAC. & REM. CODE ANN. § 17.044(b).

The Doles argument with regard to the Secretary of State not being the proper agent for service is premised on their contention that the petition fails to describe the acts that allegedly constitute "doing business" in Texas. In support of their argument, the Doles rely on *Wachovia v. Gilliam*, 215 S.W.3d 848, 849–50 (Tex. 2007). We are not persuaded by this argument.

*Wachovia* did not involve allegations of acts that may constitute doing business in Texas. Rather, the case involved the question of whether the face of the record reflected that service was forwarded to the address required by statute. *Id.* The plaintiff's petition sought personal or substituted service in general terms without reference to a statute or a rule. There was no indication that the address provided in the petition was the defendant's "home or home office." *Id*. at 849. The court noted that, "if nothing on the face of the record shows the original forwarding address was the defendant's 'home or home office,' the courts of appeals are unanimous that a default judgment cannot survive a restricted appeal." *Id*. Because the petition failed to allege that the address was the home, home office, or other statutorily required address such as a principal office, the court concluded there was error apparent on the face of the record. *Id*.

In the instant case, the petition does not suffer these infirmities. The service paragraphs in the petition specifically state, as required by the long-arm statute, that the address provided for the Doles is their home or home office. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.045(a). The petition also recites the requisite language from section 17.044(b) by stating that the Doles do not maintain a regular place of business in this state or a designated agent for process. See TEX. CIV. PRAC. & REM. CODE ANN. § 17.045(b); *see also Mobilevision Imaging Servs., LLC v. Lifecare Hosps.*, 260 S.W.3d 561, 565 (Tex. App.—Dallas 2008, no pet.) (concluding petition defective for failure to recite statutory requirements).

The petition further asserts that the lawsuit "arises from or is connected with purposeful acts" committed by the Doles in Texas, and that "the foregoing acts constitute acts constituting business in the State of Texas." Although the petition does not provide an itemized list of the acts that constitute doing business in Texas, the Doles provide no authority, nor are we aware of any, that imposes such a requirement. The body of the petition and its incorporated attachments make clear that the Doles executed a Note and Guaranty in favor of a Texas company and the transaction was secured by real property located in Texas. Under the Texas long-arm statute, the plaintiff has the initial burden to plead sufficient allegations to confer jurisdiction. *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 337 (Tex. 2009). This minimal pleading requirement is satisfied by an allegation that the nonresident defendant is doing business in Texas. *See Assurances Generales Banque Nationale v. Dhalla*, 282 S.W.3d 688, 695 (Tex. App.—Dallas 2009, no pet.). The petition here meets this requirement.

Next, the Doles contend that the Secretary's certification reflects improper service because the citations were returned "unclaimed." The Doles maintain that this Court's decision in *Starbucks Corp. v. Smith*, No. 05-06-01500-CV, 2007 WL 3317523, at *2 (Tex. App.—Dallas Nov. 9, 2007, no pet.) (mem. op.) informs our resolution of this issue. We disagree.

–9–

In *Starbucks*, we concluded that the notation "forwarding order expired" was prima facie evidence that the defendant was not served. *Id.* There is no such notation here. In the present case, the citations were returned "unclaimed." This Court has previously concluded that a nonresident's refusal or failure to claim certified mail from the Secretary of State, as reflected by the notation "unclaimed," does not deprive the court of jurisdiction obtained under the long arm statute. *See Glynn Corp. v. Precept Bus. Prods, Inc.*, No. 05-97-0777-CV, 1999 WL 403028, at *2, (Tex. App.—Dallas June 21, 1999, no pet.) (not designated for publication); *see also Zuyus v. No'Mis Comm., Inc.*, 930 S.W.2d 743, 746 (Tex. App.—Corpus Christi 1996, no writ); *but see Barnes v. Frost Nat'l Bank*, 840 S.W.2d 747, 750 (Tex. App.—San Antonio 1992, no pet.). Therefore, we conclude that the return of the citations marked "unclaimed" does not render the service fatally defective.

Finally, the Doles argue that service was defective because the record does not demonstrate that the address given to the Secretary of State was their home or home office address. The petition asserted that the Doles' home or home office address is "5666 La Jolla Boulevard #1, La Jolla, California." The Doles maintain that their "address" is "635 Don Nichols Rd., Taos, NM 87571." The Doles do not state that the Taos address is their home or home office address, only that the record does not reflect that the address in La Jolla was the home or home office address. The Doles point out that the notice of foreclosure was sent to the La Jolla address, the Taos address, and another address in Encitas, California, the deed of trust lists the Taos address as the Doles' "address," and the Guaranty states that all notices should be sent to the Taos address.

In this restricted appeal, we are charged with determining whether service was achieved in strict compliance with the Texas Rules of Civil Procedure. *Barker CATV Constr.*, 989 S.W.2d at 792. As previously discussed, the face of the record here demonstrates such compliance. The

–10–

petition clearly asserts that the La Jolla address is the home or home office address as required. The fact that there are other addresses appearing on the loan documents in the record does not alter our conclusion. None of these documents describe the address in Taos as the home or home office address. Moreover, while the Guaranty listed the Taos address, it was notarized in San Diego County, California.

Our review is confined to error apparent on the face of the record. We are prohibited from assigning error based on inferences. *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004) (stating restricted appeal requires error that is apparent rather than error that can be inferred). The Doles' argument about the other addresses requires us to make inferences we are not permitted to make. For this reason, we reject the Doles' argument. The Doles' second issue is overruled.

Our resolution of the first two issues obviates the need to consider the Doles' remaining issue. *See* TEX. R. APP. P. 47.1. The trial court's judgment is affirmed.

121683F.P05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOHN L. DOLE, III & CELIA E. DOLE,
Appellant

No. 05-12-01683-CV V.

LSREF2 APEX 2, LLC, Appellee

On Appeal from the 86th District Court,
Kaufman County, Texas
Trial Court Cause No. 85667-86.
Opinion delivered by Justice FitzGerald.
Justices Lang and Fillmore participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee LSREF2 APEX 2, LLC recover its costs of this appeal from appellants JOHN L. DOLE, III & CELIA E. DOLE.

Judgment entered March 13, 2014

/Kerry P. FitzGerald/

KERRY P. FITZGERALD
JUSTICE