

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00234-CV

Juan **SILVA** and Winter Garden Homes,
Appellants

v.

Juan **SAUCEDO** and Dora Saucedo,
Appellees

From the 38th Judicial District Court, Uvalde County, Texas
Trial Court No. 2017-09-31838-CV
Honorable Camile G. Dubose, Judge Presiding

Opinion by: Irene Rios, Justice

Sitting: Karen Angelini, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: December 19, 2018

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

This is a restricted appeal from a no-answer default judgment. Appellants Juan Silva and

Winter Garden Homes (collectively "Silva") seek reversal of the judgment based on numerous

alleged defects concerning service of process and the lack of a record of the hearing on

unliquidated damages. We affirm the judgment on liability but reverse the award of damages and

remand this cause to the trial court for a hearing on unliquidated damages.

**Facts**

Juan and Dora Saucedo filed suit against Silva for negligent misrepresentation, negligence, and breach of a residential construction contract. In their petition, they alleged that service could be made at 530 Ft. Clark Rd., Uvalde, TX 78801. On September 11, 2017, the clerk of the court issued citations stating that Silva may be served with process at this same address. The officer's return accompanying the citations is blank and there is no indication in the record that service was ever attempted at the Ft. Clark Rd. address.

On October 16, 2017, the Saucedos filed a motion for substituted service. This motion was supported by the affidavits of Margarito Vasquez, a certified process server. The affidavits state that Vasquez attempted to personally serve Silva at 159 Barry Place, Uvalde, Texas 78801, which Vasquez believed to be "the Defendant's residence, place of abode, or the place where the defendant can probably be found." The affidavits make no mention of any attempt to serve Silva at the 530 Ft. Clark Rd. address.

The trial court granted the motion for substituted service and ordered that service be made by leaving a copy of the citation, petition, and order on the front door of, or with any person 16 years of age or older at, 159 Barry Place, Uvalde, TX 78801. The process server subsequently filed affidavits stating that he attached copies of the citation, petition, disputed contract, and order for substituted service on the front door of the 159 Barry Place address.

Silva did not file an answer or otherwise appear in the proceedings below. On December 11, 2017, the trial court entered a default judgment on the negligence claim in the sum of $120,658.57 plus prejudgment interest and attorney's fees. On April 12, 2018, Silva filed a notice of restricted appeal.

**Discussion**

A party can prevail in a restricted appeal only if "(1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record." *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam) (quoting *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex.2004)). The only element at issue in this case is whether error is apparent on the face of the record.

Silva asserts that the face of the record demonstrates that he was not properly served. The Texas Supreme Court has long "required that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack." *Lejeune*, 297 S.W.3d at 255 (quoting *Primate Constr., Inc. v. Silver*, 884 S.W.3d 151, 152 (Tex. 1994) (per curiam)). Failure to comply with the rules governing service of citation constitutes error on the face of the record. *Lejeune*, 297 S.W.3d at 256. Strict compliance is particularly important in cases involving substituted service. *In re C.L.W.*, 485 S.W.3d 537, 540-41 (Tex. App.—San Antonio 2015, no pet.).

"There are no presumptions in favor of valid issuance, service, and return of citation in the face of a [direct] attack on a default judgment." *Primates Constr.*, 884 S.W.2d at 152. In addition, the weight given to recitations in the return of service are "no less when the recitations impeach the judgment than when they support it." *Id.*

In his first issue, Silva contends that service was defective because the citations issued by the clerk of the court were never returned to the court as required by rule 107 of the Texas Rules of Civil Procedure. It appears that Silva is referring to the form Officer's Return that accompanied

each citation. Rule 107 requires that an authorized person executing a citation complete a return of service. TEX. R. CIV. P. 107(a). But it also provides that "[t]he return may, but need not, be endorsed on or attached to the citation." *Id.* Failure to complete the form Officer's Return does not constitute error on the face of the record. In fact, Silva tacitly concedes in his next issue that affidavits filed by the process server constitute a return of service.

In his second issue, Silva contends that the process server was required to include his date of birth and address in his affidavits in support of the motion for substituted service. Silva cites rule 107, the rule governing returns of service, as authority for this contention. He therefore recognizes that the process server did file a return of service, just not in the particular form that accompanied the citations.

As for the contention that the process server was required to state his date of birth and address, Silva misreads rule 107(e). That rule states, in pertinent part, "[i]f the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return must either be verified *or* be signed under penalty of perjury." TEX. R. CIV. P. 107(e) (emphasis added). A process server is required to state his date of birth and address only if the return is signed under penalty of perjury. *Dole v. LSREF2 APEX 2, LLC*, 425 S.W.3d 617, 622 (Tex. App.—Dallas 2014, no pet.) (verified return need not state date of birth and address); TEX. R. CIV. P. 107(e).

The affidavits here at issue attest to the truth of the facts stated therein and are notarized. They constitute verified returns, not returns signed under penalty of perjury. Vasquez was therefore not required to state his date of birth and address. *See Dole*, 425 S.W.3d at 622; TEX. R. CIV. P. 107(e). The omission of those facts does not demonstrate error on the face of the record.

In issue three, Silva contends that service was defective because the process server never attempted service at the address stated in the citation. He does not, however, cite any authority establishing that such an attempt is required.

Rule 99, which governs what must be included in a citation, does not require that a citation include an address where a defendant is to be served. *See* TEX. R. CIV. P. 99(b). And rule 106, which governs substituted service, does not require that service be attempted at an address stated in the citation before a party may request, and a court may order, substituted service. *See* TEX. R. CIV. P. 106(b). Rather, the rule requires that a motion for substituted service be supported by affidavit "stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted . . . *at the location named in such affidavit* but has not been successful . . . ." TEX. R. CIV. P. 106(b) (emphasis added).

The affidavits in support of the motion for substituted service state that service by personal delivery was attempted on three separate occasions at the defendant's "residence, place of abode or the place where the defendant can probably be found being 159 Barry Place, Uvalde, TX 78801." This comports with the requirements of rule 106. Because the rule does not require any showing that service was attempted at an address stated in the citation, the fact that the affidavits in support of the motion for substituted service do not demonstrate any such attempt is immaterial. Silva's third issue is overruled.

In his fourth issue, Silva asserts that certain affidavits in support of the motion for substituted service are defective because they do not state the times, dates, or places where service was attempted, and are not signed and notarized. He asserts that other affidavits are defective because they are signed and notarized but do not contain any information. Silva erroneously splits two affidavits into four. The record reflects that the process server filed one affidavit as to each defendant, Silva and Winter Garden Homes. Each contains a page reciting the dates and times of three attempts to serve process at 159 Barry Place, and a second page attesting to the truth of the

stated facts and containing the process server's signature and that of a notary public. The two pages of each affidavit, read together, refute Silva's complaints.

In his fifth issue, Silva contends that two affidavits of service signed after substituted service was effected do not comply with the requirements for returns of service.

Civil procedure rule 105 provides, "[t]he officer or authorized person to whom process is delivered shall endorse thereon the day and hour on which he received it . . . ." TEX. R. CIV. P. 105. Rule 107 similarly requires that a return of service, "together with any document to which it is attached," include, among other things, "the date and time the process was received for service." TEX. R. CIV. P. 107(b). The process server filed two affidavits of service, each stating that he "[r]eceived these papers on the 19th day of September, 2017 at 10:22 a.m." The papers identified in the affidavit include the Order Granting Motion for Substituted Service. But that order was not signed until October 27, 2017, and therefore could not have been received on September 19, 2017.

The process server properly noted the date and time of receipt of the citation and petition received for service. Silva has not cited any authority establishing that he was required to further note the date and time of receipt of the later-signed order authorizing substituted process. Silva's fifth issue is overruled.

Silva's sixth challenge to service of process is that the order authorizing substituted service does not specify the manner of service to be employed. *See Steinke v. Mann*, 276 S.W.3d 608, 610 (Tex. App.—Waco 2008, no pet.) (order not specifying method of service is defective). The order states that the defendant may be served "by leaving a copy of the citation, with a copy of the petition and a copy of this order attached, on the front door of Defendant's usual place of abode or with any person 16 years of age or older at" the 159 Barry Place address. The fact that the court authorized two alternative methods of service does not render the order unspecific. Silva's sixth issue is overruled.

In his final issue on appeal, Silva contends that the default judgment should be set aside because no record was taken in the trial court of any hearing on unliquidated damages.

"[T]he non-answering party in a no-answer default judgment is said to have admitted both the truth of facts set out in the petition and the defendant's liability on any cause of action properly alleged by those facts." *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012) (citing *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex.1984)). These deemed admissions do not, however, extend to the amount of unliquidated damages. *Morgan*, 675 S.W.2d at 732. "A court rendering a default judgment must hear evidence of unliquidated damages." *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992).

Silva states in his brief that no reporter's record was taken in this case of a hearing on unliquidated damages.[1] The Saucedos did not file an appellees' brief and have not otherwise contradicted this statement. This court addressed a similar situation in *State Farm Cty. Mut. Ins. Co. v. Diaz-Moore*, No. 04-15-00766-CV, 2016 WL 6242842, at *3 (Tex. App.—San Antonio Oct. 26, 2016, no pet.) (mem. op.), where appellant asserted that no record was made of a hearing on unliquidated damages and appellee did not contradict that assertion. This court held, "[w]hen no reporter's record has been taken of the trial court's evidentiary hearing resulting in a no-answer default judgment, . . . error is apparent on the face of the record." *Id.*; *see Stone v. Talbert Operations, LLC*, No. 04–14–00008–CV, 2014 WL 7439931, at *1–2 (Tex. App.—San Antonio Dec. 31, 2014, no pet.) (mem. op.). This principle applies equally in this case.

Error in this case extends only to the assessment of damages. Having failed to timely answer and appear in this suit, Silva is deemed to have admitted liability on all causes of action properly alleged in the Saucedos' petition. *See Paradigm Oil*, 372 S.W.3d at 183 (no answer

---

[1] We note that the trial court's docket sheet does not reflect that a hearing on unliquidated damages was even held.

default deems admission of liability). We therefore reverse and remand for a new trial solely on the issue of unliquidated damages. *See State Farm Cty. Mut. Ins. Co. v. Diaz-Moore*, No. 04-15-00766-CV, 2016 WL 6885848, at *1 (Tex. App.—San Antonio Nov. 23, 2016, no pet.) (sup. op. on reh'g).

### Conclusion

We affirm the default judgment as to liability but reverse as to the award of damages and remand this cause to the trial court for a hearing on unliquidated damages.

Irene Rios, Justice