## CONNER v. W. C. BOWMAN LUMBER CO.
### No. 7707.

Court of Civil Appeals of Texas. Austin.
Nov. 25, 1931.

Rehearing Granted Dec. 23, 1931.

Critz & Woodward, of Coleman, for plaintiff in error.

## McCLENDON, C. J.

Motion by defendant in error, plaintiff below, to dismiss the writ of error on the ground that the questions presented have become moot since the judgment was rendered in the trial court, by reason of the fact that defendant in error had prior to the writ of error proceeding brought a proceeding in the trial court to set aside the judgment, alleging that it was void on acount of defective citation.

The motion is verified and the facts alleged are not controverted. From the transcript and the motion the following facts appear (the parties will be referred to as plaintiff and defendant):

Plaintiff brought the suit March 30, 1931, seeking judgment upon a promissory note and foreclosure of a lien on real estate. Citation was served on defendant March 31, 1931. Defendant did not answer and judgment by default was rendered May 22, 1931. The term of court ended June 6, 1931. Thereafter defendant's attorney wrote plaintiff's attorney, "that there was an irregularity in the citation that was served upon the defendant James Conner and in such letter assured affiant that said irregularity would vitiate the judgment which was had on said citation." Defendant's attorney replied, offering to file a motion to vacate the judgment, and asked defendant's attorney "if he would appear and answer in said cause, and save the expense of re-citing the defendant." Defendant's attorney replied that he would answer provided the case was continued for about a year. This plaintiff's attorney was unwilling to do, and thereupon, on June 24, 1931, plaintiff filed a motion setting up the defect in citation, which consisted in a wrong date at which defendant was cited to appear and answer; and alleging that the judgment was taken in ignorance of said defect, and "that because of the defects in said citation the said judgment is void and uneffective." The prayer was for citation and that the judgment be set aside and the cause reopened for trial, "giving defendant a proper and legal opportunity to defend herein." Citation was issued upon this motion June 27, 1931, and served upon the defendant August 25, 1931. The petition for writ of error was filed September 23, 1931, and service had thereon September 25, 1931. On September 29, 1931, defendant filed a contest of the motion to set aside the judgment, containing the following: (1) A demurrer to the jurisdiction of the court; (2) a general denial; and (3) a plea to the jurisdiction, based upon the pendency of the writ of error proceeding.

It will thus be seen that the defendant is in the anomalous position of urging in this court the reversal of the judgment through writ of error proceedings based upon irregularities in the citation upon which the judgment was based, and contesting in the trial court a proceeding brought by the plaintiff with a view of according defendant the same relief he seeks in the writ of error proceeding. Plaintiff in the proceeding in the district court concedes that he has a void judgment and is endeavoring to get it set aside so that defendant may be accorded every right which the writ of error, if successful, would obtain for him. Plaintiff alleges that the writ of error was sued out for delay only. If it has any other purpose, the record before us does not disclose it. Clearly it seems to us an abuse of legal processes to burden the docket of the appellate court with a proceeding seeking to set aside the judgment when the prevailing party has already instituted a proceeding to set it aside, admitting that it was void and not binding upon the defendant.

The motion is granted, and writ of error is dismissed.

Motion granted; writ dismissed.

### On Motion for Rehearing.

Plaintiff in error points out that there was in fact no misstatement of the date upon which it was cited to appear and answer as stated in the motion of defendant in error to set aside the judgment; that the defect in the citation was a misstatement therein of the date upon which the petition was filed, the date stated being May 30, 1931, whereas the correct date was March 30, 1931; that this was an irregularity which vitiated the citation upon direct attack, but was not such defect as to render the judgment void; and therefore the trial court was without jurisdiction to set aside the judgment upon the application of the plaintiff therein. In support of this contention the recent case of Radford v. Radford (Tex. Civ. App.) 42 S.W. (2d) 1060, is cited. That was a divorce case in which the plaintiff below was seeking by writ of error to set aside a judgment in his favor upon the ground that the waiver of service and appearance upon which the judgment was based was not in fact executed by the defendant. Plaintiff had previously appealed from this judgment; and it was affirmed on certificate upon the application of defendant, and also affirmed upon writ of error proceeding of plaintiff on the same day. Radford v. Radford (Tex. Civ. App.) 42 S.W. (2d) 1064. The affirmance upon writ of error was upon the principle "that the plaintiff cannot be heard on appeal to claim the nullity of a decree in his favor, he having

invoked the jurisdiction of the court and asked its rendition." This is a well-recognized principle, but we think it has no proper application to the facts of the present case. The Radford Case was one of divorce in which the marital status of both of the parties was fixed and the defendant was contesting the plaintiff's efforts to set aside the judgment, contending that it was valid. Here the plaintiff below is not seeking to have the judgment affirmed, but is seeking in the court below to have it set aside in order to give the defendant an opportunity to plead any defense it might have to the suit; while defendant is not contending that the judgment is valid and should be permitted to stand, but is seeking in another proceeding to bring about the same result that the plaintiff is seeking in the court below. The very principle invoked in the Radford Case would preclude plaintiff from denying the jurisdiction of the court to set aside the judgment upon its motion. 3 Storey on Equitable Jurisprudence (14th Ed.) § 2020, cited in the Radford Case.

■ Plaintiff in error in his verified motion states that the trial court expressly declined to entertain jurisdiction of the motion. As pointed out in our original opinion, plaintiff in error filed a contest of this motion, contesting the jurisdiction of the court upon the ground that the writ of error was then pending. The record does not show upon what ground the trial court refused to entertain jurisdiction of the motion. The inference, however, is clear that this was at the instance of plaintiff in error, who might have obtained the same relief he is seeking here by joining in the motion instead of contesting it. A letter from the attorney of plaintiff in error to the attorney of defendant in error, dated September 8, 1931, copy of which is attached to the motion of plaintiff in error, is enlightening in this regard. It reads:

"I have your letter of the 7th, in regard to the writ of error in the case of Bowman Lumber Company v. Conner, and in reply will say that the reason Mr. Conner is having the writ of error pressed is because by this means he is able to gain some additional time in which he hopes to be able to raise the money to pay this debt. I do not think there is any question but what the judgment as rendered is valid in the sense that it is not void and could not be enjoined, and I do not believe that the court could at a subsequent term set aside the judgment and render another judgment, unless this judgment were absolutely void. The defendant could not probably show any defense to the judgment, and the citation, though defective in misstating the date of the filing of the petition, correctly stated the return day of the citation, and the defeat of the defendant was not due to the error in the citation in stating the date of the filing of the petition. I believe that there would be no recourse to the defendant in any method except writ of error.

"When your next term of court meets, next October the case will be in the Court of Civil Appeals, and we believe that the District Court will have no jurisdiction of the same. If, however, you wish to press your motion and ask for another judgment, you will please let me know and I will arrange to be on hand and present the contentions of the defendant that the court is without jurisdiction to try the case again, unless the judgment heretofore rendered should be set aside by the Court of Civil Appeals.

"We have not filed, and do not expect to file, a supersedeas bond, and, of course, you could go ahead and execute your judgment if you felt willing to take the risk of the case being reversed on writ of error. This, of course, would not avoid the sale if made to parties other than the plaintiff, but would only give the defendant recourse against the plaintiff for the value of the land over and above the amount received for the same. I realize that your client, and you as its attorney, desire speedy action, but you understand when a person goes into the courts, he has to take what the law gives him, and you cannot blame the defendant for taking what the law gives him also, especially under present conditions, where it is so difficult to pay debts that were incurred under better times.

"The cost of the writ of error will not be very much, and the defendant does not feel that he ought to, if he can help it, have his property sold at this time."

We are still of the view that our action in dismissing the writ of error under all the circumstances was proper. However, we have reached the conclusion that since the questions involved are merely ones of practice, and the same relief is sought by both parties through different routes, it would be simpler to terminate the present controversy by treating the motion to dismiss as a confession of error, and remand the case for further proceedings.

■ Plaintiff in error in its brief raises the point that the judgment should be set aside because of misstatement in the citation of the date on which the petition was filed. This point is well taken, and would in any event require a reversal of the judgment. Durham v. Betterton, 79 Tex. 223, 14 S. W. 1060; Pruitt v. State, 92 Tex. 434, 49 S. W. 366; Ins. Co. v. Scott (Tex. Civ. App.) 214 S. W. 604. There are a number of other cases to the same effect.

The motion is granted; our former judgment dismissing the writ of error proceeding is set aside; the cause is reinstated; and the trial court's judgment is reversed and the cause remanded.

Motion granted; former judgment set aside; trial court's judgment reversed and cause remanded.