Reversed and Remanded and Opinion filed August 31, 2006








Reversed and Remanded and Opinion filed August 31, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00844-CV

____________

 

MARK CONNER MANSELL, Appellant

 

V.

 

INSURANCE COMPANY OF THE WEST AS
SUBROGEE OF LYLE TIEDEMANN, Appellee

 



 

On Appeal from the 405th
District Court

Galveston County, Texas

Trial Court Cause No. 03CV0917

 



 

O P I N I O N








This is a restricted appeal from a default judgment.  In
five issues, appellant Mark Conner Mansell complains the trial court
erroneously granted default judgment in favor of appellee Insurance Company of
the West (AICW@) because (1) the citation was defective,
(2) the trial court signed ICW=s interlocutory summary judgment motion
without valid service, (3) the evidence is legally and factually insufficient
to support the trial court=s damages award, (4) the trial court
entered an erroneous post-judgment interest rate, and (5) the clerk failed to
properly notify him of the final default judgment.  Because we find the
citation was defective, we reverse and remand.

The underlying case involves a worker=s compensation
claim for injuries sustained in an automobile accident.  In July 2001, Mansell
struck the back of a vehicle in which Lyle Tiedemann, a San Jacinto College
employee, was a passenger.  Tiedemann subsequently filed a worker=s compensation
claim, and ICW, the college=s insurer, paid him $67,481 in medical and
indemnity benefits.  On June 3, 2003, ICW sued Mansell as subrogee of Tiedmann=s negligence claim. 
After an unsuccessful attempt to locate Mansell for service of process at his
last known address, a
trailer that was Aboarded up and appear[ed] vacant,@ ICW filed a motion for substitute service.  The trial court initially granted
the motion on December 11, 2003 and authorized service by mailing and leaving
copies of the citation at the trailer.  ICW served Mansell in this manner and
then moved for interlocutory default judgment when Mansell did not answer. 
However, after reviewing its previous order for substitute service, the trial
court determined service at the trailer was Anot reasonably
effective to give [Mansell] notice of this suit.@  Consequently, it
issued orders vacating and setting aside its order granting substitute service
and denying ICW=s motion for interlocutory default
judgment.  

Mansell was subsequently located at another address and
personally served there on April 16, 2005.  However, the citation erroneously
stated the petition=s filing date was June 3, 2004
rather than June 3, 2003.  When Mansell again failed to answer, ICW moved for
default judgment on May 25, 2005.   After a May 26, 2005 hearing at which
Mansell did not appear, the trial court entered final judgment in ICW=s favor.[1] 
Mansell did not file a motion for new trial, and on August 15, 2005, he timely
filed this restricted appeal.








In his first issue, Mansell claims the citation was fatally
defective because it misstated the date of ICW=s petition.  To
prevail in a restricted appeal, a party must establish that (1) it filed notice
of the restricted appeal within six months after the judgment was signed, (2)
it was a party to the underlying suit, (3) it did not participate in the
hearing that resulted in the judgment complained of and did not timely file any
post-judgment motions or requests for findings of fact and conclusions of law,
and (4) error is apparent on the face of the record.  See Tex. R. App. P. 30; Alexander v.
Lynda=s Boutique, 134 S.W.3d 845,
848 (Tex. 2004).  The face of the record, for purposes of a restricted appeal,
consists of all the papers on file in the appeal, including the statement of
facts.  Norman Commc=ns v. Tex. Eastman
Co.,
955 S.W.2d 269, 270 (Tex. 1997). 








 In reviewing a default judgment in a restricted appeal, an
appellate court does not presume valid issuance, service, and return of
citation.  Primate Constr., Inc. v. Silver, 884 S.W.2d 151, 152 (Tex.
1994).  If the record does not show strict compliance with the rules governing
citation, the service is invalid and in personam jurisdiction cannot be
established.  TAC Americas, Inc. v. Boothe, 94 S.W.3d 315, 318B19 (Tex. App.CAustin 2002, no
pet.).  Moreover, virtually any deviation from these rules is sufficient to set
aside the default judgment in a restricted appeal.  Id. at 319; see
also Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990) (A[A] default
judgment cannot withstand direct attack by a defendant who complains that he
was not served in strict compliance with applicable requirements.@).  A proper
citation must show the date the petition was filed.  See Tex. R. Civ. P. 99(b)(4).  Texas law
has long held that errors in stating the petition=s filing date are
fatally defective.  See generally Garza v. Garza, 223 S.W.2d 964, 964
(Tex. Civ. App.CSan Antonio 1949, no writ) (finding
impossible filing date of October 19, 194_ fatally defective); Conner v.
W.C. Bowman Lumber Co., 45 S.W.2d 237, 238 (Tex. Civ. App.CAustin 1931, no
writ) (invalidating citation stating petition filing date of May 30, 1931 when
the correct date was March 30, 1931); Nat=l Ben Franklin
Fire Ins. Co. v. Scott, 214 S.W. 604, 604 (Tex. Civ. App.CAmarillo 1919, no
writ) (invalidating citation that did not state petition filing date).  Here,
Mansell=s citation
erroneously recites the petition=s filing date as
2004 rather than 2003; thus, the citation does not comply with the citation
rules.

ICW acknowledges the error but notes there is a Arecent trend
toward a more practical, lenient approach@ regarding strict
compliance.  See Herbert v. Greater Gulf Coast Enters., 915 S.W.2d 866,
871 (Tex. App.CHouston [1st Dist.] 1995, no writ) (noting that, when
citation return recited Acomplaint@ rather than Apetition,@ A[e]ven strict
compliance does not require such absolute obeisance to the minutest detail@).  Specifically,
ICW points to misnomer cases stating that, although strict compliance requires
correct spelling of the name of the person named in the citation, in some
cases, default judgments may be upheld despite a misspelling of the defendant=s name when the
defendant was actually served with process and not confused or misled by the
misnomer.  See, e.g., Cockrell v. Estevez, 737 S.W.2d 138, 139B40 (Tex. App.CSan Antonio 1987,
no writ) (validating citation misspelling Cockrell as ACockrall@ when defendant
was personally served, did not claim the error misled him, and the spellings Aappear to be
nearly indistinguishable by their sounds when pronounced@).








We disagree with ICW that strict compliance should not be
required in reciting the petition=s filing date. 
This statutory requirement has remained substantially the same since the
beginning of the twentieth century, and the legislature has indicated no intent
to relax strict compliance in this regard.[2] 
Even if we applied the more relaxed analysis from the misnomer cases, we would
still find the citation defective here.  The misnomer cases all require that
the defendant was actually served with process and was not confused or misled
by the misnomer.  See N.C. Mut. Life Ins. Co. v. Whitworth, 124 S.W.3d
714, 719B20 (Tex. App.CAustin 2003, pet.
denied) (finding omission of word in company=s name on citation
return fatally defective because it could have caused confusion as to the
intended defendant and A[t]here is no showing in the record that .
. . no confusion occurred because of the mistake in the return@); Cockrell,
737 S.W.2d at 139B40; see also Dezso v. Harwood, 926
S.W.2d 371, 374 (Tex. App.CAustin 1996, writ denied) (upholding
default judgment despite misnomer when defendant received service and knew she
was the intended defendant).  Unlike those cases, here there has been no
showing that the erroneous date did not confuse or mislead Mansell in some
way.  Because the citation was fatally defective and thus there is error on the
face of the record, we sustain Mansell=s first issue. 
Accordingly, we reverse the trial court=s judgment and
remand for further proceedings consistent with this opinion.[3]


 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment rendered
and Opinion filed August 31, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Guzman.









[1]  The record shows the clerk inexplicably sent Mansell=s notice of final judgment to the vacant trailer at
which he previously could not be located rather than the address where he was
later found.  





[2]  See Tex. R. Civ. P. 99(b)(4) (current rule,
replacing former Rule 101, requiring the citation to Ashow [the] date of filing of the petition@); Tex. R. Civ.
P. 101, 14 Tex. B.J. 633
(1951, repealed 1987 and replaced with portion of Rule 99) (first relevant
civil procedure rule, stating: A[The citation]
shall state the date of the filing of the petition@); Tex. Rev.
Civ. Stat. Ann. art. 2022 (Vernon 1925) (pre-rules statute, providing: A[The citation] shall state the date of the filing of
the petition.@), repealed by Act of May 12, 1939, 46th Leg.,
R.S., ch. 25, ' 1, 1939 Tex. Gen. Laws 201, 201 (repealing all
procedure rules as precursor to enactment of rules of civil procedure).





[3]  Having sustained Mansell=s first issue, we need not consider his remaining
issues because if sustained, they would result in remand only and thus are not Anecessary to the final disposition of the appeal.@  See Tex.
R. App. P. 47.1.