ACCEPTED
03-14-00643-CV
4149937
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/13/2015 3:25:01 PM
JEFFREY D. KYLE
CLERK

## NO. 03-14-00643-CV

_____

### IN THE COURT OF APPEALS
### FOR THE THIRD DISTRICT OF TEXAS
### AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/13/2015 3:25:01 PM
JEFFREY D. KYLE
Clerk

_____

### MONTE MONTGOMERY,
Appellant,

v.

### MONTY HITCHCOCK,
Appellee

_____

**On Appeal from the 250th Judicial District Court of Travis County, Texas**
**Cause No. D-1-GN-14-000489**
**The Honorable Jon N. Wisser Presiding**

_____

### APPELLEE'S RESPONSE BRIEF

_____

Jon M. Smith
State Bar No. 18630750
3305 Northland Drive
Suite 500
Austin, Texas 78731
Telephone:  (512) 371-1006
Facsimile:   (512) 476-6685
jon@jonmichaelsmith.com

Attorney for Appellee

ORAL ARGUMENT REQUESTED

## REQUEST FOR ORAL ARGUMENT

Appellee requests oral argument. Because of the unique nature of the issues presented in this case, oral argument will assist the court in reaching its decision.

## IDENTITY OF PARTIES AND COUNSEL

Appellant:                              Monte Montgomery

Appellant's Counsel:                    Trial Counsel:

                                        Adam R. Hardison
                                        Hardison Law Firm
                                        5050 Quorum Drive
                                        Suite 700
                                        Dallas, Texas 75254

                                        Trial and Appellate Counsel:

                                        Steven R. Samples
                                        Samples Law Group
                                        2605 Airport Freeway
                                        Suite 100
                                        Fort Worth, Texas 76111
                                        srs@stevesamples.com


Appellee:                               Monty Hitchcock

Appellees' Counsel:                     Jon M. Smith
                                        State Bar No. 18630750
                                        3305 Northland Drive
                                        Suite 500
                                        Austin, Texas 78731
                                        Telephone:  (512) 371-1006
                                        Facsimile:   (512) 476-6685
                                        jon@jonmichaelsmith.com

**REFERENCE TO THE PARTIES**

Appellee will refer to Appellant, Monte Montgomery as "Montgomery" in his brief. He will refer to Appellee as "Hitchcock."

**REFERENCE TO THE RECORD**

| Reference | Meaning |
|---|---|
| C.R. ___ | Clerk's Record at page ___ |

**TABLE OF CONTENTS**

                                                                                    **PAGE**

REQUEST FOR ORAL ARGUMENT………………………………………………...2

IDENTITY OF PARTIES AND COUNSEL…………………………….…………3

REFERENCE TO THE PARTIES ………………………………………………….4

REFERENCE TO THE RECORD …………………………………………………4

TABLE OF CONTENTS…………………………………………………..…...5

INDEX OF AUTHORITIES ………………………………………………...7

STATEMENT OF THE CASE …………………………………………………10

STATEMENT OF FACTS …………………………………………………...10

STANDARD OF REVIEW …………………………………………………..11

SUMMARY OF THE ARGUMENT …………………………………………...12

ARGUMENT AND AUTHORITIES ………………………………………...12

    A.  The minor discrepancies in the citation complained about by Montgomery are not sufficient to render service invalid………………………………………..13

    B.  Montgomery's affidavit is insufficient to overcome the prima facie evidence of the officer's return…………………………………………………………17

    C.  Montgomery waived his appellate points by failing to secure a hearing on his motion for new trial…………………………………………………...19

    D.  There is ample evidence in the record to support the court's damage award...20

CONCLUSION ………………………………………………………………….22

PRAYER ………………………………………………………………………...22

CERTIFICATE OF COMPLIANCE………………………………………………….23

CERTIFICATE OF SERVICE ……………………………………………….....24

# INDEX OF AUTHORITIES

**CASES**                                                                    **PAGE**

*Abcon Paving, Inc. v. Crissup*, 820 S.W.2d 951, 953 (Tex. App.—Fort Worth 1991, no writ)……………………………………………………………………...........21

*Blackburn v. Citibank, N.A.*, 2006 Tex. App. LEXIS 5062 (Tex. App.—Dallas 2006)…15

*Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002)……………………......11

*Cervantes v. Cervantes*, No. 03-07-00381-CV, 2009 Tex. App. LEXIS 8565 (Tex. App.—Austin 2009, no writ)……………………………………………...........18

*Conner v. W.C. Bowman Lumber Co.*, 45 S.W.2d 237, 239 (Tex. Civ. App.—Austin 1931, no writ)……………………………………………………...........14

*Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978)……………………………........11

*Fluty v. Simmons*, 835 S.W.2d 664, 666 (Tex. App.—Dallas 1992)………………....19

*Garza v. Phil Watkins, P.C.*, No. 04-07-00848-CV, 2009 Tex. App. LEXIS 1588 (Tex. App.—San Antonio 2009, dismissed at 2010 Tex. App. LEXIS 9432)……………….....16

*Gatlin v. Dibrell*, 74 Tex. 36 11 S.W. 908, 909 (1889)……………………….............18

*Gruensteiner v. Cotulla I.S.D.*, No. 04-07-00847, 2008 WL 4595034 (Tex. App.—San Antonio Oct. 15, 2008, no pet.)………………………………………………........18

*Jones v. Andrews*, 873 S.W.2d 102, 107 (Tex. App.—Dallas 1994, no writ)………........21

*K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000)……………………......11

*Limestone Constr. v. Summit Commer. Indus. Props.,* 143 S.W.3d 538 (Tex. App.—Austin 2004)....……………………………………………………………....20

*Mobilevision Imaging Servs., L.L.C. v. Lifecare Hosps. of N. Tex., L.P.*, 260 S.W.3d 561, 564 (Tex. App.—Dallas 2008, no pet.)………………………………….............11

*Ortiz v. Avante Villa at Corpus Christi, Inc.*, 926 S.W.2d 608 (Tex. App.—Corpus Christi, 1996, writ denied)……………………………………….............15

*Payne & Keller Co. v. Word*, 732 S.W.2d 38, 41 (Tex. App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.)……………………………………………………….............15

*Popkowsi v. Gramza*, 671 S.W.2d 915, 918 (Tex. App.--Houston [1st Dist.] 1984, no writ)……………………………………………………………......................16

*Pratt v. Moore*, 746 S.W.2d 486 (Tex. App.—Dallas 1988, no writ)……………….…14

*Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994)……………….........17

*Sanders v. Harder*, 148 Tex. 593, 227 S.W.2d 206, 209 (1950)……………….........18

*Shamrock Roofing Supply, Inc. v. Mercantile National Bank*, 703 S.W.2d 356 (Tex. App.—Dallas 1985, no writ)………………………………….....................20

*Simms v. Miears*, 190 S.W. 544, 544 (Tex. Civ. App.—Austin 1916, no writ)………....14

*Stovall v. Avalon Hair*, No. 03-97-00259-CV, 1998 Tex. App. LEXIS 7591 (Tex. App.—Austin 1998, no writ)………………………………………….............19

*Ward v. Nava*, 488 S.W.2d 736, 738 (Tex. 1972)……………………………..........17

*Williams v. Williams*, 150 S.W.3d 436, 443 (Tex. App.—Austin 2004, pet. denied)...…13

*Wilson v. Dunn*, 800 S.W.2d 833, 836, 34 Tex. Sup. Ct. J. 60 (Tex. 1990)……………..13

**TEXAS RULES OF CIVIL PROCEDURE**

Tex. R. Civ. P. 99(b)(8)............................................................................13

Tex. R. Civ. P. 324(b)............................................................................19

_____

**IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS**

_____

**MONTE MONTGOMERY,**
Appellant,

v.

**MONTY HITCHCOCK,**
Appellee

_____

**On Appeal from the 250th Judicial District Court of Travis County, Texas
Cause No. D-1-GN-14-000489
The Honorable Jon N. Wisser Presiding**

_____

**APPELLEE'S RESPONSE BRIEF**

_____

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

Appellee, Monty Hitchcock, files this response brief requesting that this Court affirm the Final Judgment, and would show as follows:

## STATEMENT OF THE CASE

This is a simple suit on a promissory note. Montgomery seeks to have the default judgment taken against him reversed based on two inconsequential and minor matters in the citation and return.

## STATEMENT OF FACTS

Montgomery entered into a promissory note in the amount of $50,000.00 with Hitchcock on May 31, 2010. [CR 4] Montgomery made some payments on the note in 2010, but made no payments after December 2010. [CR 4] Hitchcock gave Montgomery notice of default under the note on January 13, 2014. [CR 4] Montgomery made no payment in response to that notice. [CR 4]

Hitchcock filed suit against Montgomery in the 250th Judicial District of Travis County, Texas on February 17, 2014. [CR 3-5] Jerry Melber, a Texas Supreme Court certified private process server attempted to serve Montgomery on five occasions but was unable to serve him personally. [CR 13] Hitchcock moved for substitute service on May 13, 2014 and Judge Lora Livingston granted the motion on May 14, 2014. [CR 11]

The Order for Substituted Service Upon Defendant, Monte Montgomery stated that service upon Montgomery could be effected by one of the following methods: "(1) Leaving a copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at 4415 Cisco Valley Drive, Round Rock, Texas 78664; or (2) By affixing a copy of the citation, with a copy of the petition attached, to the door of 4415

Cisco Valley Drive, Round Rock, Texas 78664." [CR 11] Mr. Melber complied with the order by posting a copy of the citation and petition attached to the door of 4415 Cisco Valley Drive, Round Rock, Texas on May 5, 2014. [CR 13]

Mr. Montgomery did not answer within the time required by law. Judge John Wisser signed a final judgment in favor of Hitchcock and against Montgomery on July 9, 2014. [CR 17] Montgomery filed a motion for new trial on August 8, 2014. [CR 22] There is no evidence in the record that he made any effort to set the motion for new trial for hearing. Therefore, it was overruled by operation of law on September 22, 2014. Montgomery filed his notice of appeal on October 7, 2014. [CR 60]

## STANDARD OF REVIEW

A trial court's denial of a motion for new trial after a no-answer default is reviewed for an abuse of discretion. *Mobilevision Imaging Servs., L.L.C. v. Lifecare Hosps. of N. Tex., L.P.*, 260 S.W.3d 561, 564 (Tex. App.—Dallas 2008, no pet.). A trial court abuses its discretion if it acts arbitrarily and unreasonably or without regard to guiding rules or principles. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000). An abuse of discretion does not occur with regard to factual matters as long as some evidence reasonably supports the trial court's decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002). Nor does it occur when the trial court's decision is based on conflicting evidence. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978).

## SUMMARY OF THE ARGUMENT

As the following paragraphs establish, the trial court's judgment should be affirmed for the following reasons: (1) The minor discrepancies in the citation complained about by Montgomery are not sufficient to render service invalid; (2) Montgomery's affidavit is insufficient to overcome the prima facie evidence of the officer's return; (3) Montgomery waived his appellate points by failing to secure a hearing on his motion for new trial; and (4) There is ample evidence in the record to support the court's damage award.

## ARGUMENTS AND AUTHORITIES

Montgomery's attempt to escape his failure to answer and the default judgment is based on two minor discrepancies in the citation: (1) That the petition lists his address as located in Travis County but the citation states that it is in Williamson County; and (2) That the petition was filed on February 17, 2014 and the citation states it was filed on February 18, 2014. These two minor discrepancies are not sufficient to render service invalid and Montgomery waived his complaints by failing to attempt to obtain a hearing on his motion for new trial.

**A.**     **The minor discrepancies in the citation complained about by Montgomery are not sufficient to render service invalid.**

As Montgomery argues, it is true that service of citation must be in strict compliance with the rules of civil procedure to establish jurisdiction of a defendant and support a default judgment. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). However, "strict compliance with the rules does not require obeisance to the minutest detail." *Williams v. Williams*, 150 S.W.3d 436, 443 (Tex. App.—Austin 2004, pet. denied). As long as the record as a whole, including the petition, citation, and return, shows that the citation was served on the defendant in the suit, service of process will not be invalidated. Id.

Montgomery's complaint that the citation showed the county of his residence as Williamson instead of Travis County ignores the fact that both documents accurately stated his address as "4415 Cisco Valley Drive, Round Rock, Texas 78664." [CR 3 and 14] It also ignores the fact that the order authorizing substitute service did not list the county in the address. [CR 11]

Round Rock is a city that is partially in Travis County and partially in Williamson County. http://www.landsoftexas.com/county-data-for-williamson-county-texas. There is no evidence in the record that there is a "4415 Cisco Valley Drive, Round Rock, Texas 78664" in both Williamson County and Travis County. Therefore, there is no question as to whether the citation was served at the correct address. The Texas Rules of Civil Procedure do not require that the county be included in an address, only that the "citation shall be directed to the defendant." Tex. R. Civ. P. 99(b)(8). Because the citation was

directed to the defendant, Monte Montgomery, at his undisputedly correct address, service was valid and any discrepancy in the name of the county is immaterial.

This case is similar to *Pratt v. Moore*, 746 S.W.2d 486 (Tex. App.—Dallas 1988, no writ). In Pratt, the defaulting appellant argument that service was invalid because the return of citation stated that it was executed at 10001 Woodlake Drive, but neglected to state the name of the city. *Pratt*, 746 S.W.2d at 487. The court held that there was no requirement of an accurate address in the order for substitute service and that the absence of the name of the city was not fatal to substitute service. *Pratt*, 746 S.W.2d at 488.

Montgomery cites two very old cases for the proposition that the incorrect date of filing in the citation mandates reversal of the default judgment. *Simms v. Miears*, 190 S.W. 544, 544 (Tex. Civ. App.—Austin 1916, no writ); and *Conner v. W.C. Bowman Lumber Co.*, 45 S.W.2d 237, 239 (Tex. Civ. App.—Austin 1931, no writ). These cases are not applicable for the following reasons.

The statement in the *Conner* case regarding the discrepancy between the date of filing and the date set forth in the citation was dicta. *Conner*, 45 S.W.2d at 239. The parties were in agreement that the appeal should be dismissed and the court obliged them. Id.

In the *Simms* case the petition was filed on October 6, 1915, but the citation stated it was filed on October 5, 2015. *Simms*, 190 S.W. at 544. The plaintiff argued that the defect was technical and could not affect the rights of the parties. Id. But the court held that because the citation showed an earlier date than the petition was actually filed, it could affect the defendants' belief as to whether they could bring a statute of limitations

defense. Id. In the instant case, the citation states a date one day later than the date the petition was actually filed. This minor discrepancy would not lead a party astray regarding a potential statute of limitations defense and is thus truly a technical defect that has no impact whatsoever on the rights of the parties.

The more modern approach is to analyze whether the alleged defect in the citation has any bearing on the rights of the defendant and whether he was actually served. In the *Williams* case, the citation did not include the name of the petitioner as required by Texas Rule of Civil Procedure 99(b)(7). *Williams v. Williams*, 150 S.W.3d at 443. The court stated that, "although our jurisprudence requires strict adherence to the rules regarding service of citation, it does so to ensure that there is no questions about whether the proper party has been served before a default judgment is rendered." *Williams*, 150 S.W.3d at 444.

In *Ortiz v. Avante Villa at Corpus Christi, Inc.*, 926 S.W.2d 608 (Tex. App.—Corpus Christi, 1996, writ denied) the court of appeals refused to overturn a default judgment despite discrepancies in the name of the defendant in the citation. "The omission of the accent mark and the substitution of the symbol "@" for the word "at" are akin to the errors that do not invalidate service." *Ortiz*, 926 S.W.2d at 613. In *Blackburn v. Citibank, N.A.*, 2006 Tex. App. LEXIS 5062 (Tex. App.—Dallas 2006) the court of appeals refused to reverse a default judgment despite the defendant "David Brian Blackburn" being listed as "David B. Blackburn" in the citation. See also *Payne & Keller Co. v. Word*, 732 S.W.2d 38, 41 (Tex. App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.) (judgment upheld where petition and citation reflected registered agent "Philippe

Petitfr**e**re," the return reflected "Philipe**e** Petitfr**ee**re"); *Popkowsi v. Gramza*, 671 S.W.2d 915, 918 (Tex. App.--Houston [1st Dist.] 1984, no writ) (judgment upheld where there was dispute of fact whether handwritten return of service said "Michael Pop**r**owski" or "Michael Pop**k**owski").

In *Garza v. Phil Watkins, P.C.*, No. 04-07-00848-CV, 2009 Tex. App. LEXIS 1588 (Tex. App.—San Antonio 2009, dismissed at 2010 Tex. App. LEXIS 9432), Watkins took a default judgment against Garza. Garza complained that he was never served and offered his own affidavit and that of his wife in support of that claim. *Garza* at p. 6. Garza claimed that, "the officer's return, which recites that Garza was served at 1-Mile North of Hwy 186 on County Rd 45 Raymondville, TX while Garza averred in his affidavit that he lives at 2 Miles North Highway 186 on County Road 45, Raymondville, Texas." Id. The court found that most of Garza's evidence was self-serving and uncorroborated, except by his wife. *Garza* at p. 8. As a result, the court of appeals refused to overturn the default judgment.

The discrepancies alleged by Montgomery are the type of "minute" detail that do not require invalidation of the citation of service in this case. The record as a whole, including the petition, citation, and return, shows that the citation was served on Mr. Montgomery, so the service of process should not be invalidated and the judgment should be affirmed.

**B.** **Montgomery's affidavit is insufficient to overcome the prima facie evidence of the officer's return**

The order for substituted service stated, "The following methods will be reasonably effective to give Defendant, Monte Montgomery, notice of the lawsuit. IT IS ORDERED that service on Monte Montgomery be effected by one of the following methods: (1) Leaving a copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at 4415 Cisco Valley Drive, Round Rock, Texas 78664; or (2) By affixing a copy of the citation, with a copy of the petition attached, to the door of 4415 Cisco Valley Drive, Round Rock, Texas 78664." [CR 11] The return of citation evidences strict compliance with the court's order. It states that the citation was executed at 4415 Cisco Valley Drive, Round Rock, Texas 78664 "By delivering to Monte Montgomery . . . by posting to the door." CR 14. The only evidence that service of citation was not accomplished in strict compliance with the court's order is Mr. Montgomery's uncorroborated statement in his declaration that, "I was never served with the lawsuit. If a copy of the lawsuit was posted to the door of my home I did not received it." CR 50.

An officer's return "has long been considered prima facie evidence of the facts recited therein." *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). The return imports absolute verity and its recitations "carry so much weight that they cannot be rebutted by the uncorroborated proof of the moving party." Id. (citing *Ward v. Nava*,

488 S.W.2d 736, 738 (Tex. 1972); *Sanders v. Harder*, 148 Tex. 593, 227 S.W.2d 206, 209 (1950); *Gatlin v. Dibrell*, 74 Tex. 36 11 S.W. 908, 909 (1889).

In *Cervantes v. Cervantes*, No. 03-07-00381-CV, 2009 Tex. App. LEXIS 8565 (Tex. App.—Austin 2009, no writ), this court held that a trial court had not abused its discretion in denying a motion for new trial despite the defendants' affidavits stating that they had not been served[1]. The two defendants each submitted affidavits attached to their motion for new trial that they had not been served with the citation. *Cervantes* at p. 14. This court held that, "Because appellants' proof is uncorroborated, it is insufficient to rebut the recitation in the return that the sheriff's deputy delivered it to the "within named." Thus the trial court did not abuse its discretion in denying appellants' motion for new trial on this basis." *Cervantes* at p. 16. See also *Gruensteiner v. Cotulla I.S.D.*, No. 04-07-00847, 2008 WL 4595034 (Tex. App.—San Antonio Oct. 15, 2008, no pet.)(uncorroborated statement that defendant was not served was insufficient to rebut recitations of service in return).

Because the record demonstrates strict compliance with the court's order regarding substitute service, and because the only evidence to the contrary is Mr. Montgomery's uncorroborated and conclusory statement, the trial court did not abuse its discretion in denying the motion for new trial by operation of law.

---

[1] This court did reverse the default judgment and remand the case to the trial court, but on other grounds. *Cervantes* at p. 30.

**C.**     **Montgomery waived his appellate points by failing to secure a hearing on his motion for new trial**

There is no evidence in the record that Montgomery attempted to secure a hearing on his motion for new trial. A motion for new trial is addressed to the trial court's discretion. *Fluty v. Simmons*, 835 S.W.2d 664, 666 (Tex. App.—Dallas 1992). The court's ruling on the motion will not be disturbed on appeal in the absence of a showing of an abuse of discretion. Id. A motion for new trial to set aside a default judgment is a complaint on which evidence must be heard Tex. R. Civ. P. 324(b). Id. Additionally, the mere filing and overruling by operation of law of a motion for new trial preserves for appellate review a complaint properly made in the motion only if taking evidence is not necessary to properly present the complaint in the trial court. Tex. R. App. P. 33.1(b); *Stovall v. Avalon Hair*, No. 03-97-00259-CV, 1998 Tex. App. LEXIS 7591 (Tex. App.—Austin 1998, no writ) at p. 8.

Texas courts have held on multiple occasions that a defendant's failure to attempt to secure a hearing on a motion for new trial amounts to a waiver of the complaint. In *Fluty v. Simmons*, Simmons Company took a default judgment against Fluty. Fluty appealed and the court of appeals affirmed. In holding that Fluty had waived his argument by failing to obtain a hearing on his motion for new trial, the court of appeals stated Appellant should have given the trial court the opportunity to exercise its discretion by seeing that his motion for new trial was set for a hearing. By failing to

bring his motion for new trial to the trial court's attention and allowing the motion to be overruled by operation of law, we cannot say that an abuse of discretion has occurred which would warrant a reversal. *Fluty*, 835 S.W.2d at 668. There is no abuse of discretion in the overruling of a motion for new trial by operation of law where the record fails to show any attempt to obtain a timely hearing. Id.

The same result was reached in *Shamrock Roofing Supply, Inc. v. Mercantile National Bank*, 703 S.W.2d 356 (Tex. App.—Dallas 1985, no writ). The court in *Shamrock* held that in applying the *Craddock* and *Strackbein* standard, when a motion for new trial requires the exercise of discretion, the trial judge must have the opportunity to exercise that discretion before the court of appeals can hold that there is an abuse of discretion. No abuse of discretion occurs when the defaulting defendant fails to call his motion to the judge's attention and allows the motion to be overruled by operation of law. Shamrock, 703 S.W.2d at 357-358.[2]

**D.  There is ample evidence in the record to support the court's damage award**[3]

Montgomery argues that the amount of damages set forth in the judgment is not supported by evidence. To the contrary, Monty Hitchcock's affidavit, filed in support of his default judgment on July 9, 2014, the same day as the judgment was signed, sets forth

---

[2] But See *Limestone Constr. v. Summit Commer. Indus. Props.*, 143 S.W.3d 538 (Tex. App.—Austin 2004). In *Limestone,* this court of appeals held that a trial court did abuse its discretion in allowing a motion for new trial to be overruled by operation of law. However, the Limestone case was in the context of a defendant's failure to receive notice of a hearing on motion for summary judgment not in the context of a no answer default judgment in which the recitations of the citation are not overcome by mere uncorroborated statements of the defendant. Therefore, Montgomery's failure to obtain a hearing on his motion for new trial is fatal to his *Craddock* assertions.

[3] It is Hitchcock's position that Montgomery has waived this argument as well by failing to set his motion for new trial for hearing.

in detail the existence of the promissory note, the amount of payments and dates of payments made by Mr. Montgomery, the interest rate and the calculation of the amount due under the note by the date of the default judgment.

Montgomery cites *Abcon Paving, Inc. v. Crissup*, 820 S.W.2d 951, 953 (Tex. App.—Fort Worth 1991, no writ) for the proposition that the written instrument upon which a case is based must be attached to the petition in a case of liquidated damages. But the *Abcon Paving* case is not applicable, because Mr. Hitchcock's claim is for unliquidated damages because Mr. Montgomery did make payments on the note. The affidavit of Mr. Montgomery sets out the amount of the note, the payments made and total due in great detail and is sufficient evidence of the damages awarded by the trial court.

Montgomery also cites *Jones v. Andrews*, 873 S.W.2d 102, 107 (Tex. App.—Dallas 1994, no writ) for the proposition that there was no evidence before the trial court regarding Mr. Hitchcock's damages. But the plaintiff in *Jones* was claiming liquidated damages, which the court of appeals disagreed with. There is also no indication that the affidavit referred to by the plaintiff's counsel in Jones bore any relation to the amount of damages awarded by the trial court. Conversely, in the instant case, the affidavit filed by Hitchcock on the day of the default judgment recites the exact amount of damages awarded by the trial court, $59,357.63.

## CONCLUSION

Because the minor discrepancies complained about by Montgomery do not require invalidation of the service of citation in this case, and for the other reasons set forth in this brief, the default judgment entered by the trial court should be affirmed.

## PRAYER

**FOR THE FOREGOING REASONS**, Appellee prays that this Court affirm the trial court's judgment.

Respectfully submitted,


__/s/ Jon Smith_____
Jon M. Smith
State Bar No. 18630750
3305 Northland Drive
Suite 500
Austin, Texas 78731
Telephone: (512) 371-1006
Facsimile: (512) 476-6685
jon@jonmichaelsmith.com


**ATTORNEY FOR APPELLEE**

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), to the extent applicable, I certify that this brief contains 3,239 words.


\_\_/s/ Jon Smith_____
Jon Michael Smith

## CERTIFICATE OF SERVICE

I, Jon Michael Smith, do hereby certify that a true and correct copy of the foregoing document was delivered to all attorneys of record as listed below via fax on February 13, 2015.

Steven R. Samples                           Via Fax: 855-605-1505
2605 Airport Freeway, Suite 100
Fort Worth, Texas 76111


        __/s/ Jon Smith_____
        Jon Michael Smith