Abel Acosta, Clerk
Third Court of Criminal Appeals
201 W. 14th St. Rm. 106
Capital Station
Austin, Texas    78711-2308

76,378-11,12,13,14

**RECEIVED IN**
COURT OF CRIMINAL APPEALS

**OCT 02 2015**

**Abel Acosta, Clerk**

Dear Clerk.

Please File these Papers and Present them to the Court for a hearing and Ruling.

Your Assistance in this Matter is Greatly appreciated. Thank You

Sincerely,
Robert Samaniego #1564425
615 12th St
Huntsville, Texas 77329

CAUSE NO: <u>CR-08-0075-C</u>, <u>CR-08-0076-C</u>
<u>CR-08-0077-C</u>, <u>CR-08-0078-C</u>

EX PARTE                          §          IN THE DISTRICT COURT
                                  §
                                  §          HAYS COUNTY, TEXAS
                                  §
ROBERT FLORES SAMANIEGO, Jr.      §          <u>22nd</u> JUDICIAL DISTRICT

<u>APPLICANT'S OBJECTION'S TO STATE'S ANSWER TO</u>
<u>APPLICANT'S THIRD APPLICATION FOR WRIT OF HABEAS CORPUS RELIEF</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, Robert Samaniego, TDCJ# 1566425, Applicant, pro se, and files this the above entitled styled numbered cause Pursuant to Rules of Civil Procedure, rule 307 and would show the Court the following:

I.

Mr. Samaniego recieved the State's answer on the 20th day of September. 2015 denying his Third application for writ of habeas corpus relief. Mr. Samaniego objects to the honoerable courts allegations " that there are no claims and issues that could not have been presented previously in an Original Application".

II.

Mr. Samaniego asserts that there "are" claims and issues that could not have been presented in his Original Application for habeas corpus relief", had it not have been for the court reporters incomplete record (transcript) when the state purposely withheld the motion in limine from the rcord that Mr. Samaniego has been claiming his ground five "ineffective assistance of counsel for failing to file a motion in limine to prevent the state from eliciting his prior convictions over (18) years old". See court reporters record (captions).

III.
III. <u>NEWLY DISCOVERED EVIDENCE</u>

Because the motion in limine was purposely withheld from the court reporters record, it prevented Mr. Samaniego from effectively presenting the court with

facts that the motion in limine is void as a matter of law, when the record clearly demonstrates that the void motion in limine was filed stamped with the clerk Febuary 2, 2009 and the certificate of service was issued on Febuary 2, 2008, one year apart, "[A] proper citation must show the date the petition was filed" See Tex.R.Civ. P. 99(b)(4), "[T] exas law has long held that errors in stating the petitions filing date are fatally defective." see Garza v. Garza. 223 S.W.2d 964 (Tex.Civ.App.-San Antonio 1949. no writ); Conner v. W.C. Bowman Lumber Co.. 45 S.W.2d 237. 238 (Tex.Civ.App.-Austin 1931. no writ); Nat'l Ben Franklin Fire Ins. Co. V. Scott. 214 S.W. 604 (Tex.Civ.App.-Amarillo 1919. no writ) See also Applicants brief in support of his Third Writ of Habeas Corpus for Relief. Thus, because the motion in limine is void as a matter of law ultimately makes counsel ineffective for not filing a motion in limine, Rule of Civil Procedure relating to issuance of service and return of citation are "mandatory"; failure to strictly comply therewith will render invalid service of process. See Uvalde Country Club v. Martin Linen Supply Co.. Inc. 685 S.W.2d 375. reversed 690 S.W.2d 884 (Tex. App.-San Antonio 1984); Approximately $14,980.00 v. State, 261 S.W.3d 182.

The Newly Discovered Evidence was unknown to Mr. Samaniego at the time of trial and the failure to discover the evidence was not due to his own want of diligence. the materiality of evidence had it been included in the court reporters record would have brought about a different result in another trial, the evidence is admissable and not merely cumulative, corrborative, collateral or impeaching of other evidence. Vernon's Ann Texas C.C.P. arts 40.03, 40.03(6), 40.05 U.S.A. Cost.Amend. 5.

## VI. STATE COURTS CONSTITUTIONAL VIOLATION

Mr. Samaniego was denied his Constitutional rights to due process and equal protection of the law when the state habeas court prevented him from fully developing his claims of ineffective assistance of counsel and constitutional violations. Moreover, trial counsel was not allowed the opportunity to support

or contest Mr. Samaniego's ground for relief resulting in proceedings that were not compiled in a fair manner and were outside the constraints of due process.

## V. TRIAL COURTS FAILURE TO ISSUE FINDINGS OF FACT AND CONCLUSIONS OF LAW REQUESTED BY APPLICANT

On the 5th day of August. 2015 Mr. Samaniego requested for the honorable court to issue findings of fact and conclusions of law. Because, the trial court ruled on Mr. Samaniego's merits incorperated in his Third habeas corpus, Mr. Samaniego was required to obtain written order actually reflecting that decision. See Ex-Parte Martell. 901 S.W.2d 754 (Tex. 4. Dist. 1995): also see Mr. Samaniego's issue's requested in his request for findings of fact and conclusions of law filed on the 5th day of August. 2015.

Mr. Samaniego asserts that his Third application for writ of habeas corpus is not entended to vex, harass or delay any proceeding, but, to bring to the attention of this Honorable court the "Miscarriage of Justice" in Mr. Samaniego's 11.07 habeas corpus proceedings. Mr. Samaniego requests that this Honorable Court remand this case back to the trial court for further findings of fact and conclusions of law pursuant to Texas Rules of Civil Procedure. rule 296 and 11.07 3(d), further, there is a need for an expansion of the record, these issues cannot be resolved based on the record before the court, Mr. Samaniego needs to be brought back to the habeas trial court in Hays County, Texas for an evidentiary hearing, while the habeas trial court appoints an attorney to represent Mr. Samaniego. Id. at 11.07 3(d).

WHEREFORE, PREMISES CONSIDERED, Mr. Samaniego prays that this Honorable Court remand this case back to the habeas trial court for further findings of facts and conclusions of law, and upon reviewing the record enter its judgment remanding Mr. Samaniego to custody of the Hays County Sheriff for his unconstitutional confinement for release.

## INMATES DECLARATION

I, Robert Samaniego, TDCJ# 1566425, being presently incarcerated in the Huntsville Unit of the Texas Department of Criminal Justice in Walker County, Texas, verify and declare under penalty of perjury that the facts contained within are true and correct.

Executed on this 25th day of September, 2015.

_Robert Samaniego_
Robert Samaniego


## CERTIFICATE OF SERVICE

I, Robert Samaniego, TDCJ# 1566425, certify that a true and correct copy of the above and foregoing has been delivered to the prison mailroom officials postage prepaid, first class mail for delivery to the following: Beverly Crumley, district clerk at the Government Center, located at 712 S. Stagecoach Trl., Ste. 2211, San Marcos, Texas 78666.

Executed on this 25th day of September, 2015.

_Robert Samaniego_
Robert Samaniego
TDCJ# 1566425
815 12th St.
Huntsville, Texas 77348