Thomas H. PRATT and Group Management Properties Corporation, Appellants,

v.

Florence Thompson MOORE, Appellee.

No. 05–87–00256–CV.

Court of Appeals of Texas, Dallas.

Jan. 13, 1988.

Rehearing Denied March 23, 1988.

John E. Richards, Howard A. Gross, Dallas, for appellants.

Lee M. Simpson, Robin B. Seckel, Dallas, for appellee.

Before STEPHENS, ROWE and McCRAW, JJ.

STEPHENS, Justice.

Thomas H. Pratt and Group Management Properties Corporation (GMPC) appeal from a default judgment rendered in favor of Florence Thompson Moore. Appellants contend in four points of error that the judgment of the trial court is erroneous for lack of personal jurisdiction over either appellant because there was not strict compliance with the necessary requisites for

issuance, service and return of process. Appellee concedes the lack of in personam jurisdiction as to GMPC; accordingly, we reverse and remand that portion of the judgment to the trial court for further proceedings. However, the record shows effective service of citation to confer jurisdiction over Pratt and, therefore, we affirm the judgment as to him.

In their first two points of error appellants argue that the trial court lacked personal jurisdiction over GMPC because it was not served with citation and because the motion for substituted service did not comply with the requirement that the impracticality of personal service be affirmatively shown by affidavit. TEX.R.CIV.P. 106(b). Appellee acknowledges that service of process as to GMPC was not properly executed and was ineffective to confer jurisdiction; therefore, we sustain appellants' first two points of error without discussion.

In their third point of error appellants argue that service of citation was invalid as to Pratt because: (1) the trial court, in authorizing substituted service, ordered that service be by the Constable and the discrepancy in the return of citation, which reflected that process was served by a deputy, rendered the substituted service ineffective; (2) the inclusion of the word "Drive" in the address stated in the return of citation when the order for substituted service states that service should be made at "10001 Woodlake" is a fatal defect; and (3) a typographical error in the return of citation as to the month citation was received by the district clerk's office renders the return invalid. We disagree.

The presumptions which are ordinarily made in support of valid service do not apply when a direct attack is made upon a default judgment. *American Universal Insurance Co. v. D.B. & B., Inc.*, 725 S.W.2d 764, 765 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.); *Metcalf v. Taylor*, 708 S.W.2d 57, 59 (Tex.App.—Fort Worth 1986, no writ). Unless the record affirmatively shows strict compliance with the provided manner and mode of service of process, a default judgment will not withstand

an attack based upon a claim of invalid service. *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965); *Stylemark Construction, Inc. v. Spies*, 612 S.W.2d 654, 656 (Tex.App.—Houston [14th Dist.] 1981, no writ). Applying these standards, we hold that, as to Pratt, the record reflects the requisite strict compliance with the rules of civil procedure relating to issuance, service, and return of citation.

■ Appellants rely on *Cates v. Pon*, 663 S.W.2d 99 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.), and *Mega v. Anglo Iron & Metal Co.*, 601 S.W.2d 501 (Tex.Civ. App.—Corpus Christi 1980, no writ), in support of their contention that the citation is fatally defective because of the discrepancy between the server appointed to effectuate service of process in the order for substituted service and the person who signed the return of citation. Both cases are distinguishable from the facts before us. Both stand for the proposition that a discrepancy between a "disinterested adult" identified by name and the person who signs the return constitutes a fatal defect. However, Texas Rules of Civil Procedure, Rule 106(b)(1) provides that "the court may authorize service by an officer or by any disinterested adult...." Where public officials such as sheriffs, constables and clerks are authorized to effect service, they may act personally or by and through their deputies. *Houston Pipe Coating Co. v. Houston Freightways, Inc.*, 679 S.W.2d 42, 45 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *Cortimiglia v. Miller*, 326 S.W.2d 278, 284 (Tex.Civ.App.—Houston 1959, no writ).

■ Appellants also contend that service on Pratt was invalid because the return of citation indicates that citation was executed at 10001 Woodlake Drive, neglecting to specify the city. The return specifically states "[e]xecuted at Dallas, within the county of Dallas...." Appellants maintain that the discrepancy in the order for substituted service, which states that service should be made at 10001 Woodlake, but fails to specify whether the address is a street, road, avenue or drive, and the inclusion of the word "Drive" in the return

is a fatal defect, citing no authority. They also request this Court to take judicial notice that in Dallas there is both a Woodlake Circle and a Woodlake Drive. Neither Rule 106, Texas Rules of Civil Procedure, nor case law requires an order for substituted service to have an accurate address in the order for substituted service. *Mylonas v. Texas Commerce Bank–Westwood*, 678 S.W.2d 519, 523 (Tex.App.—Houston [14th Dist.] 1984, no writ). The statement of the address is not necessary so long as the usual place of abode is the place where service is made. *Sessions v. Price Drilling Co.*, 337 S.W.2d 368, 370–71 (Tex.Civ. App.—Fort Worth 1960, writ ref'd n.r.e.). Moreover, the affidavits supporting the motion for substituted service reflect that Pratt's usual place of abode is 10001 Woodlake Drive, where service was made.

▪ Appellants also complain that the return states it "Came to hand on the 30th day of November, 1986 ..." and was "[e]xecuted ... on the 11th day of November, 1986 ..." and is therefore defective on its face, thus constituting grounds for reversal. Appellant's argument is unsupported by the record, which reflects that on October 10, 1986, appellee moved for an order for substituted service of process, a copy of which was forwarded to Pratt at 10001 Woodland Drive, Dallas, Texas. On the same date, affidavits detailing unsuccessful efforts of both the deputy constable and counsel to locate Pratt and effectuate service of process on him by personal delivery were filed. The trial court heard the motion, reviewed the supporting affidavits and an order for substituted service was entered on October 10. On October 19, 1986, another citation to Pratt was issued by the district clerk. The return of this citation reflects that service of process was effectuated on Pratt on November 11, 1986, and shows on its face a handwritten note encircling Pratt's name which states that at 11:50 a.m. the citation was attached to his door pursuant to Rule 106. The return in question shows it was received by the district clerk at 3:01 p.m. on November 14, 1986. When we examine the record and the sequence of events which occurred, it becomes obvious that the month of "No-vember" following "Came to hand" is a typographical error. In view of the date the citation was issued and the date it was shown upon the return to have been served, no reasonable interpretation can be placed upon it, other than that it shows a receipt by the district clerk on October 30, 1986 with execution on November 11, 1986. We do not regard such an apparent irregularity as constituting a fatal defect, when in all other respects the citation is in compliance with the requirements of Rule 107 of the Texas Rules of Civil Procedure. *Johnson v. Cole*, 138 S.W.2d 910, 912 (Tex. Civ.App.—Austin 1940, writ ref'd). Appellants' third point of error is overruled.

▪ In their fourth point of error appellants contend there was no evidence of probative value to support the motion for substituted service because the supporting affidavits failed to show attempts were made to serve Pratt at his business, as well as his place of abode. Appellants rely on *Harrison v. Dallas Court Reporting College, Inc.*, 589 S.W.2d 813, 815 (Tex.App.—Dallas 1979, no writ), as authority for their argument. The *Harrison* decision was based on the prior version of Rule 106, which was amended effective January 1, 1981. The rule, as amended, no longer requires that both alternative methods be shown to be impractical before substituted service may be ordered and states, in pertinent part:

> Upon motion supported by affidavit stating the location of the defendant's usual place of business *or* usual place of abode *or* other place where the defendant can probably be found and stating the facts showing that service has been attempted under either [TRCP 106](a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service ... in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit. TEX.R.CIV.P. 106(b)(2) (emphasis added).

The affidavits supporting the motion for substituted service present evidence of the location of Pratt's usual place of abode,

and detail by date and time the deputy constable's attempts to serve Pratt personally at such location, thus complying with the current language of the rule. No error by the trial court in granting substituted service pursuant to Rule 106(b)(2) is shown. Appellants' fourth point of error is overruled.

The judgment of the trial court as to Pratt is affirmed. As to GMPC, the trial court not having jurisdiction to enter the default judgment, we reverse. Since GMPC has entered an appearance by way of its direct attack on the judgment in this Court, we remand the proceedings as to GMPC to the trial court for a new trial. No new service is necessary. *Cates v. Pon,* 663 S.W.2d 99, 102 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); TEX.R.CIV.P. 123.