# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00078-CV

**Florencio Cuetara, Appellant**

**v.**

**DSCH Capital Partners, LLC, d/b/a Far West Capital, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. D-1-GN-15-000670, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A default judgment was taken against appellant Florencio Cuetara in an action to recover under a guarantee of a commercial obligation. In this restricted appeal, Cuetara contends that the default judgment is void for lack of personal jurisdiction over Cuetara due to defective service of process. We will affirm the judgment.

## BACKGROUND

Appellee DSCH Capital Partners, LLC, d/b/a Far West Capital (DSCH) filed a lawsuit to recover under a guarantee of a commercial obligation, naming Cuetara and Cuetara Holdings, Inc.,[1] as defendants. DSCH made several attempts to serve Cuetara personally at his usual place of business, 15251 Barranca Parkway, Irvine, California 92618, but each time the receptionist

---

[1] Cuetara does not contest the validity of service of process and default judgment with respect to Cuetara Holdings, Inc.

told the process server that Cuetara was not in and that she did not know his schedule, or refused to give information on whether Cuetara was in the office.

Upon DSCH's application for substituted service upon Cuetara, the trial court issued an order directing substituted service "by personally delivering a copy of the citation and original petition to Florencio Cuetara's usual place of business, 15251 Barranca Parkway, Irvine, California 92618, and leaving such process with the receptionist or such other person over the age of sixteen at the front office at such address."  The return of service shows substituted service was effected by:

> delivering a true copy of the **Citation and Original Petition; Order Authorizing Substituted Service** with the date of service endorsed thereon by me, to: **John Doe** as **Manager**, a person employed therein and authorized to accept service for **Florencio Cuetara** at the address of: **15251 Barranca Parkway, Irvine, CA 92618**, the within named person's usual place of **Work**, in compliance with State Statutes.
>
> **Additional Information pertaining to this Service:**
> 4/21/2015 9:55 am Documents served upon a manager who refused to provide his name.  He did confirm that Mr. Cuetara was in the office but would not be willing to accept the documents personally. BMW, CA plate 6ZVB897 parked in the lot that is believed to be the Mr. Cuetara's vehicle.
>
> **Description** of Person Served: Age: 35, Sex: M, Race/Skin Color: Hispanic, Height: 5'10", Weight: 175, Hair: Black, Glasses: -

After Cuetara failed to timely file an answer, DSCH obtained a default judgment against him.  Cuetara filed notice of restricted appeal contending that the default judgment against him should be voided because the service of process was defective.  Cuetara argues that the service of process was not in strict compliance with the court's order authorizing substituted service upon Cuetara because the affidavit of service did not explicitly state that the petition was served "at the

2

front office" of Cuetara's usual place of business and did not state how "John Doe" was authorized to receive service.

## DISCUSSION

To succeed on a restricted appeal, appellant must show that: (1) the appeal was brought within six months of the date the judgment is signed by the court; (2) by a party to the suit; (3) who did not participate in the hearing that resulted in the judgment complained of; and (4) error must appear on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The only element at issue in this restricted appeal is whether error appears on the face of the record.

The record must affirmatively show "strict compliance with the rules of service of citation" for a default judgment to withstand a direct attack on restricted appeal. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam). "If strict compliance is not shown, the service of process is 'invalid and of no effect.'" *Silver B & Laviolette, LLC v. GH Contracting, Inc.*, No. 03-10-00091-CV, 2010 WL 4053791, at *2 (Tex. App.—Austin Oct. 12, 2010, no pet.) (mem. op.) (citing *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam)); *see also Taylor v. State*, 293 S.W.3d 913, 915 (Tex. App.—Austin 2009, no pet.). "There are no presumptions in favor of valid issuance, service, and return of citation in the face of a [restricted appeal] attack on a default judgment." *Primate Constr.*, 884 S.W.2d at 152; *Rowsey v. Matetich*, No. 03-08-00727-CV, 2010 WL 3191775, at *3 (Tex. App.—Austin Aug. 12, 2010, no pet.) (mem. op.). Strict compliance, however, does not require "obeisance to the minutest detail." *Myan Mgmt. Grp., L.L.C. v. Adam Sparks Family Revocable Tr.*, 292 S.W.3d 750, 752 (Tex.

3

App.—Dallas 2009, no pet.) (quoting *Williams v. Williams*, 150 S.W.3d 436, 443-44 (Tex. App.—Austin 2004, pet. denied)). "As long as the record as a whole, including the petition, citation, and return, shows that the citation was served on the defendant in the suit, service of process will not be invalidated." *Williams*, 150 S.W.3d at 444; *Regalado v. State*, 934 S.W.2d 852, 854 (Tex. App.—Corpus Christi 1996, no writ).

"Where citation is executed by an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court." Tex. R. Civ. P. 107(f). If the trial court's order for substituted service per Texas Rule of Civil Procedure 106 does not specify the precise manner by which proof of service should be made, "proof of service in the normal manner authorized by rule 107 is sufficient." *Pao v. Brays Vill. E. Homeowners Ass'n*, 905 S.W.2d 35, 38 (Tex. App.—Houston [1st Dist.] 1995, no writ) (citing *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993)); *see Haider v. R.R.G. Masonry, Inc.*, No. 03-04-00309-CV, 2005 WL 1583276, at \*3 (Tex. App.—Austin July 7, 2005, no pet.) (mem. op.). Texas Rule of Civil Procedure 107 requires only that "the address served" be listed in the return of service, but does not expressly require stating the specific room or area where service occurred. Tex. R. Civ. P. 107(b)(6). "It is the service, not the return, which gives the court jurisdiction over the defendant. . . . The return of citation is but the certificate of the officer as to where, when, and how it was executed." *Walker v. Broadhead*, 828 S.W.2d 278, 282 (Tex. App.—Austin 1992, writ denied).

Cuetara does not argue that DSCH deviated from the rules of civil procedure in effecting substituted service or that, as in *Bartonplace Condominiums Homeowners Association v. Keup*, service was improper because it was executed at a different address, where it could not have

4

been delivered to an agent of the defendant corporation because the address belonged to an unrelated entity. *See* No. 03-14-00453-CV, 2016 WL 1294797, at *5 (Tex. App.—Austin Mar. 31, 2016, no pet.) (mem. op.).[2] Instead, Cuetara argues that DSCH deviated from the order directing substituted service because the return of service does not specify that service occurred at the "front office" of Cuetara's usual place of business. The court's order for substituted service in the present appeal did not specify how proof of service should be made or that it had to include every detail listed in the order for substituted service; therefore, failure to list on the return that service was accomplished at the "front office" area of the address specified in the order does not, in and of itself, invalidate service. *See Norton v. Lucio*, No. 03-03-00074-CV, 2003 WL 21402021, at *4 (Tex. App.—Austin June 19, 2003, pet. denied) (mem. op.) (service was not defective where trial court's order for substituted service did not affirmatively specify that age of person served be recited in return, because to hold that return was insufficient for failing to state such age "would be requiring more from the return than was required by the district court's order"); *see also Silver B & Laviolette*, 2010 WL 4053791, at *4 (different addresses listed on return and on citation did not render service defective so long as requirements of Texas Civil Procedure Rule 107 were met); *Pratt v. Moore*, 746 S.W.2d 486, 487-88 (Tex. App.—Dallas 1988, no writ) (service was not defective where return

---

[2] Each of the cases cited by Cuetara involves a clear deviation from the requirements of the rules of civil procedure or a conflict between the terms of the order for substituted service and the return of service. *See, e.g.*, *Insurance Co. of Penn. v. Lejeune*, 297 S.W.254, 256 (Tex. 2009); *Reed Elsevier, Inc. v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 180 S.W.3d 903, 905 (Tex. App.—Dallas 2005, pet. denied); *Dolly v. Aethos Commc'ns Sys., Inc.*, 10 S.W.3d 384, 388-89 (Tex. App.—Dallas 2000, no pet.); *Becker v. Russell*, 765 S.W.2d 899, 901 (Tex. App.—Austin 1989, no writ); *Broussard v. Davila*, 352 S.W.2d 753, 753 (Tex. Civ. App.—San Antonio 1961, no writ). No such deviation or conflict is apparent on the face of the record here.

of service listed street address but not city of service and included word "Drive," which was not part of address for service listed on order for substituted service).

The order for substituted service directed that service be made at Cuetara's business address on a "receptionist or such other person over the age of sixteen at the front office at such address." This language in the order suggests that the trial court was more concerned with the type of person to be served at Cuetara's business address than with the specific room for service within that address. Construing the phrase "at the front office" to strictly denote a location where service of process must occur, as opposed to specifying the type of person who could be served (i.e., an employee of the business who interacts with visitors similarly to a receptionist), would lead to the illogical conclusion that any person who happened to be "at the front office" when the server arrived could have been served, including clients or random visitors, "an incongruous possibility. . . [because in that case] the documents would have had less opportunity . . . in achieving actual notice." *See Perez v. Old W. Capital Co.*, 411 S.W.3d 66, 73 (Tex. App.—El Paso 2013, no pet.) (posting service to side door of residence, when order for substituted service provided that service must be posted to "front door or entry way," constituted effective service when side door, and not front door, was used as main entrance and provided better opportunity in achieving actual notice); *see also Myan Mgmt. Grp.*, 292 S.W.3d at 754 (service of process was not deficient where return of service listed different suite number at same address as address provided in citation).

Moreover, even if the return was required to indicate that service had been accomplished "at the front office," service still would not have been deficient on the face of the record before us. "[A] return should be given a fair, reasonable, and natural construction to its

6

intent and meaning." *Regalado*, 934 S.W.2d at 854 (citing *Brown-McKee, Inc. v. J.F. Bryan & Assoc.*, 522 S.W.2d 958, 959 (Tex. Civ. App.—Texarkana 1975, no writ)); *see Mandel v. Lewisville Indep. Sch. Dist.*, 445 S.W.3d 469, 475 (Tex. App.—Fort Worth 2014, pet. denied). The return states that service was effected at 15251 Barranca Parkway, Irvine, California 92618, and that Cuetara was in the office but was not willing to accept service. Cuetara does not contend that there were any other business offices at the same address at the time of service. Because Cuetara was inside the building, if the process server had been allowed past Cuetara's front office, he could have encountered and personally served Cuetara. Therefore, the most reasonable and natural interpretation of the return is that the process server interacted with the served manager—a person who knew Cuetara was in the office but would not allow himself to be served personally—"at the front office" at the above address.

Similarly, Cuetara's claim that service was defective because the return of service did not contain the name of the manager who accepted service for Cuetara or an explanation of how the manager was authorized to accept service is also unsupported. "[T]he recitations in the return of service carry so much weight that they cannot be rebutted by the uncorroborated proof of the moving party." *Primate Constr.*, 884 S.W.2d at 152. A return

> is prima facie evidence that the person served is in fact the officer as designated. It is not necessary for either the petition or citation to designate the officer to be served by name if the face of the record affirmatively shows the person's authority. . . . A defendant who contends that the person served was not in fact a proper officer for service has the burden to present evidence to the trial court of improper service by motion for new trial or motion to set aside default judgment.

*Pleasant Homes, Inc. v. Allied Bank of Dall.*, 776 S.W.2d 153, 154 (Tex. 1989) (per curiam) (citation omitted). Therefore, the recitations in the return of service in the present case are prima facie evidence that the person served was a "manager" who was "employed therein and authorized to accept service" for Cuetara and was of the visible age of thirty-five. The order for substituted service does not require that a particular named individual be served nor that the return of service include the name of the served person. As a result, failure to state the manager's name in the return does not render the service of process defective. *See Cervantes v. Cervantes*, No. 03-07-00381-CV, 2009 WL 3682637, at *3 (Tex. App.—Austin Nov. 5, 2009, no pet.) (mem. op.) ("Rule 107 does not expressly require the return of service to include the name of the person served.").

Because Cuetara has failed to demonstrate lack of strict compliance with the rules of service of process on the face of the record, we overrule Cuetara's appellate issues.

## CONCLUSION

Having overruled Cuetara's appellate issues, we affirm the trial court's default judgment against Cuetara.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed: July 14, 2016

8