**Reversed and Remanded and Opinion filed January 7, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00764-CV

## BALTAZAR MARTELL A/K/A BALTAZAR MARTELL-GUEVARA D/B/A MARTELL CONCRETE DELIVERY, Appellant

### V.

## TEXAS CONCRETE ENTERPRISE READYMIX, INC., Appellee

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-00163**

## O P I N I O N

In this restricted appeal of a no-answer default judgment, the return of service recites an impossible chronology in which the process server served the defendant in 2017 with a citation that the process server did not receive until 2018. The defendant, appellant Baltazar Martell, contends that this obvious mistake constitutes error apparent on the face of the record, which requires reversal. The plaintiff, appellee Texas Concrete Enterprise Readymix, Inc., counters that because this is

such an obvious mistake, "2017" can be reasonably construed only as "2018." But the movant for default judgment bears the burden to ensure strict compliance with Texas Rule of Civil Procedure 107 governing the return of service. Texas Concrete should have seen the error, which is apparent on the face of the record, and amended the return before moving for default judgment. *See* TEX. R. CIV. P. 118. By allowing the return to stand uncorrected, Texas Concrete failed to meet its burden. We accordingly reverse the judgment and remand the case for further proceedings.

## I. BACKGROUND

Texas Concrete filed a suit on a sworn account against Baltazar Martell a/k/a Baltazar Martell-Guevara d/b/a Martell Concrete Delivery on January 2, 2018. The clerk of the court issued the citation the same day.

Private process server John F. Bowman served Martell and wrote by hand the underlined portions of the return of service as follows:

> Came to hand at <u>4:07</u> o'clock <u>P</u>.M., on the <u>5th</u> day of <u>January</u>, <u>2018</u>.
>
> Executed at [<u>address</u>][1] in <u>Harris</u> County at <u>6:50</u> o'clock <u>P</u>.M., on the <u>26th</u> day of <u>January</u>, <u>2017</u>, by delivering to <u>Baltazar Martell (AKA Baltazar Martell-Guevara DbA</u> [sic] <u>Martell Concrete Delivery)</u> defendant, in person, a true copy of this Citation together with the accompanying <u>1</u> copy(ies) of the Petition <u>Plaintiff's Original Petition /Suit on Sworn Account</u> attached thereto and I endorsed on said copy of the Citation the date of delivery.
>
> To certify which I affix my hand officially this <u>27th</u> day of <u>January 2018</u>.

Bowman verified the return before a notary public on January 27, 2018.

Martell did not answer the suit or respond to the requests for disclosures and requests for admission included in the petition. In April 2018, Texas Concrete moved

---

[1] We omit Martell's address, which is not relevant to this appeal.

2

for default judgment based on the deemed admissions. The trial court granted the motion and awarded Texas Concrete its requested damages, attorneys' fees, interest, and costs. About four months later, Martell filed this restricted appeal and superseded the judgment.

## II. GOVERNING LAW

To prevail in a restricted appeal, appellants are required to establish that (1) they filed notice of the restricted appeal within six months after the judgment was signed, (2) they were parties to the underlying lawsuit, (3) they did not participate in the hearing that resulted in the challenged judgment or timely file any post-judgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Authentic Brands Grp. LLC v. Porter*, No. 14-16-00477-CV, 2017 WL 2960047, at *1 (Tex. App.—Houston [14th Dist.] July 11, 2017, no pet.). It is undisputed that Martell satisfies the first three elements; the parties dispute only whether error is apparent on the face of the record.

In restricted appeals, "[t]here are no presumptions in favor of valid issuance, service, and return of citation." *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam). If the record in a restricted appeal fails to affirmatively show strict compliance with the rules of civil procedure governing service of citation, the attempted service of process is invalid and of no effect. *See Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam). Whether service strictly complies with the rules is a question of law which we review de novo. *Nelson v. Nelson*, No. 14-16-00602-CV, 2017 WL 2484378, at *2 (Tex. App.—Houston [14th Dist.] June 8, 2017, no pet.) (mem. op.).

3

### III. ANALYSIS

To strictly comply with the rules, Texas Concrete also was required to "establish return of service" in accordance with Texas Rule of Civil Procedure 107. *Hubicki v. Festina*, 226 S.W.3d 405, 480 (Tex. 2007) (per curiam). To comply with Rule 107, the return of service must include, among other things, the "date and time the process was received for service" and "the date of service or attempted service." TEX. R. CIV. P. 107(b)(4), (b)(7).

Although the return of service contains Bowman's verified statements that he received the process on January 5, 2018, and executed it on January 26, 2017, it is not possible for both of these statements to be correct. Texas Concrete acknowledges the "date error" in the return of service. Thus, the return does not state the date on which Martell in fact was served as Rule 107 requires.

This error is apparent on the face of the record. It is self-evident that Bowman could not have served documents the year before he received them, and no additional evidence is necessary to establish that one of the two dates stated must be wrong. *Cf. Ex parte Denton*, 399 S.W.3d 540, 544 (Tex. Crim. App. 2013) (error that is apparent on the face of the trial record does not require further proceedings for the purpose of introducing additional evidence).

As the Supreme Court of Texas has explained, if the facts recited in the return "are incorrect and do not show proper service, the one requesting service must amend the return prior to judgment." *Primate Constr.*, 884 S.W.2d at 153. And because the movant for a no-answer default judgment not only bears the burden to demonstrate strict compliance with the rules but also may amend the process and proof of service to correct any errors, we repeatedly have stated that "virtually any deviation" from the governing rules is sufficient to set aside the default judgment in

a restricted appeal.[2] More specifically, we agree with the Third Court of Appeals' holding that a reviewing court "cannot ignore temporal references in the citation's return that are nonsensical and incapable of reconciliation." *TAC Ams., Inc. v. Boothe*, 94 S.W.3d 315, 321 (Tex. App.—Austin 2002, no pet.) (reversing default judgment where return stated the process server received the citation on November 19, 2001, at "Time: 12:23:26" and served it the same day at "Time: 12:15:00").

In opposing that result, Texas Concrete relies on authority that "[a] return should be given a fair, reasonable and natural construction [as] to its plain intent and meaning." *Conseco Fin. Servicing v. Klein Indep. Sch. Dist.*, 78 S.W.3d 666, 673 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (quoting *Bavarian Autohaus, Inc. v. Holland*, 570 S.W.2d 110, 114 (Tex. App.—Houston [1st Dist.] 1978, no writ)). Because the return states that Bowman received the citation on January 5, 2018, served it on January 26, 2017, and verified it on January 27, 2018, Texas Concrete argues that the "fair, reasonable and natural construction" of the "January 26, 2017" service date is "January 26, 2018."

But for the purpose of determining whether Texas Concrete strictly complied with Texas Rule of Civil Procedure 107, we do not agree that the only fair, reasonable, and natural construction of "2017" is "2018." Texas Concrete is not asking us to "construe" the 2017 date, which already has a definite and unambiguous meaning; rather, Texas Concrete is asking us to infer and substitute a different date.

---

[2] *See, e.g.*, *Worldwide Autotainment, Inc. v. Galloway*, No. 14-17-00761-CV, 2019 WL 386056, at *2 (Tex. App.—Houston [14th Dist.] Jan. 31, 2019, no pet.) (mem. op.); *see also Creaven v. Creaven*, 551 S.W.3d 865, 870 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Authentic Brands Grp.*, 2017 WL 2960047, at *1; *Air Voice Wireless, LLC v. M&E Endeavours LLC*, No. 14-15-00548-CV, 2016 WL 5342707, at *3 (Tex. App.—Houston [14th Dist.] Sept. 22, 2016, no pet.) (mem. op.); *Mansell v. Ins. Co. of the W.*, 203 S.W.3d 499, 501 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (citing *TAC Ams., Inc. v. Boothe*, 94 S.W.3d 315, 319 (Tex. App.—Austin 2002, no pet.)).

We cannot do so, for "[t]he strict-compliance requirements in the default judgment context preclude courts from making even the most obvious and rational inferences." *Harvestons Sec., Inc. v. Narnia Invs., Ltd.*, 218 S.W.3d 126, 132–33 (Tex. App.— Houston [14th Dist.] 2007, pet. denied) (sub. op.).

In urging us to treat the return as though the date error had been corrected, Texas Concrete cites several cases holding that "strict compliance does not require 'obeisance to the minutest detail.'"[3] We rejected that argument in *Mansell v. Insurance Co. of the West*, 203 S.W.3d 499, 501 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (reversing default judgment because the citation misidentified the petition's filing date as June 3, 2004, instead of June 3, 2003). Subsequent caselaw appears to validate that decision. For example, the Sixth Court of Appeals concluded that a return omitting the hour when the citation was received was not fatally defective, because "[s]trict compliance does not . . . require 'absolute obeisance to the minutest detail.'" *Ins. Co. of the State of Pa. v. Lejeune*, 261 S.W.3d 852, 858 (Tex. App.—Texarkana 2008) (quoting *Herbert v. Greater Gulf Coast Enters., Inc.*, 915 S.W.2d 866, 871 (Tex. App.—Houston [1st Dist.] 1995, no pet.)), *rev'd*, 297 S.W.3d 254 (Tex. 2009). The Supreme Court of Texas reversed, emphasizing that "[s]trict compliance with the rules governing service of citation is mandatory." *Lejeune*, 297 S.W.3d at 256. We adhere to that precedent today. Thus, we will not assume Texas Concrete's burden and correct by inference the error that Texas Concrete failed to correct with evidence. *See In re Z.J.W.*, 185 S.W.3d 905, 907–08 (Tex. App.—Tyler 2006, no pet.) ("strict compliance" means "literal compliance,"

---

[3] *See, e.g.*, *Cuetara v. DSCH Capital Partners, LLC*, No. 03-16-00078-CV, 2016 WL 3917181, at *2 (Tex. App.—Austin July 14, 2016, no pet.) (mem. op.); *Ortiz v. Avante Villa at Corpus Christi, Inc.*, 926 S.W.2d 608, 613 (Tex. App.—Corpus Christi 1996, writ denied); *Regalado v. State*, 934 S.W.2d 852, 854 (Tex. App.—Corpus Christi 1996, no writ); *Herbert v. Greater Gulf Coast Enters., Inc.*, 915 S.W.2d 866, 871 (Tex. App.—Houston [1st Dist.] 1995, no pet.).

not "substantial compliance"); *see also Harvestons Sec.*, 218 S.W.3d at 132 ("Substantial compliance will not suffice.").

Texas Concrete also relies on certain cases in which a date error was found not to be fatal. In two of those cases, however, the correct date was expressly stated in the record. For example, in *Dole v. LSREF2 APEX 2, LLC*, 425 S.W.3d 617, 621 (Tex. App.—Dallas 2014, no pet.), the return of service reflected that the process server received the petition, citation, and service fee on "4/19/2012 at 9:30 o'clock a.m." and served it on the Secretary of State as agent for the nonresident defendants on "**3/27/2012** at 1:32 a.m."[4] Although the *Dole* return's stated dates of receipt and service of citation appear irreconcilable, the record in that case also contained a certificate from the Secretary of State that the Secretary received the citation on April 19, 2012. *Id.* at 622. Absent fraud or mistake, the Secretary of State's certificate is given conclusive effect. *Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986) (op. on reh'g). Thus, the erroneous date stated on the return was superfluous.

The date error was similarly superfluous in our decision in *Goodman v. Oakley*, No. 14-01-01004-CV, 2003 WL 297517 (Tex. App.—Houston [14th Dist.] Feb. 13, 2003, no pet.) (mem. op.). The deputy who served the citation wrote on the return that she received the citation "'on Dec 21, *2001*,' and that she served it on '01-04-2001.'" *Id.* at *1 (emphasis in original). While this, too, seems to state an impossible chronology, the Harris County Constable's Office for Precinct Four had stamped the correct date and time of receipt on the citation itself. *Id.*

But in one case Texas Concrete cites, the authoring court inferred a date that was nowhere stated in the record. *See Pratt v. Moore*, 746 S.W.2d 486, 488 (Tex.

---

[4] Bold in original.

App.—Dallas 1988, no writ). In *Pratt*, the citation was issued on October 19, 1986, service of process was effectuated on November 11, 1986, and the return stated that the district clerk received the citation on November 14, 1986. *See id.* The return, however, also stated "Came to hand on the 30th day of November, 1986." The Fifth Court of Appeals stated, "When we examine the record and the sequence of events which occurred, it becomes obvious that the month of 'November' following 'Came to hand' is a typographical error." *Id.* The court held that "no reasonable interpretation can be placed upon it, other than that it shows a receipt by the district clerk on October 30, 1986." *Id.*

We do not find *Pratt* persuasive. In our view, *Pratt* cannot be reconciled with well over a hundred years of precedent from the Supreme Court of Texas placing the responsibility for correcting such errors on the party who requested service and seeks a default judgment. *See, e.g.*, *Primate Constr.*, 884 S.W.2d at 153 ("It is the responsibility of the one requesting service, not the process server, to see that service is properly accomplished. . . . This responsibility extends to seeing that service is properly reflected in the record."); *Graves v. Robertson*, 22 Tex. 130, 133 (1858) ("It is an easy matter for the parties interested, before asking the courts to render judgment by default, to look to the return; and if it be not in proper form, in almost every case, the officer who made the return can be brought into court to amend it."); *Underhill v. Lockett*, 20 Tex. 130, 131 (1857) ("The requirements of the statute are plain and imperative; and parties taking a default can easily have their returns corrected, if erroneously made; and they should be required to conform to the statute."). We also find the reasoning in *Pratt* inconsistent with our statement in *Harvestons Securities* that we are precluded from drawing inferences in support of valid service. *See Harvestons Sec.*, 218 S.W.3d at 132–33.

Finally, Texas Concrete argues that the cases decided before 2012 are distinguishable because Rule 107 was amended effective January 1, 2012. As support for its position that pre-2012 cases are inapplicable, Texas Concrete cites *Creaven v. Creaven*, 551 S.W.3d 865 (Tex. App.—Houston [14th Dist.] 2018, no pet.). In that case, an order for substituted service required the defendant to be served at an address on "Cambrian Park," but the process server attested that he served the citation at an address on "Cambrian Court." *Id*. at 871 (Tex. App.—Houston [14th Dist.] 2018, no pet.). In the defendant's appeal of the no-answer default judgment, the plaintiff relied on cases predating Rule 107's amendment as authority that the Texas Rules of Civil Procedure do not require an order for substituted service to contain an accurate address. *Id*. at 872 (discussing *Pratt*, 746 S.W.2d at 488). Because Rule 107 was amended in 2012 to require the return of service to include "the address served," we concluded that "the reasoning in *Pratt* is no longer applicable." *Id*. But we did not suggest that *all* pre-2012 cases concerning Rule 107 had been abrogated. Indeed, we relied in *Creaven* on some of the same authorities that Texas Concrete implies that *Creaven* rejected. *See id.* at 870 (citing *Primate Constr.*, 884 S.W.2d at 152); *id.* at 873 (citing *TAC Ams.*, 94 S.W.3d at 321). We continue to agree with the reasoning of those cases.

We therefore sustain Martell's first issue, and without reaching his remaining issues, we reverse the judgment and remand the case for further proceedings.


/s/     Tracy Christopher
        Justice

Panel consists of Justices Christopher, Spain, and Poissant.

9